■ AGWAY, INC., Respondent, v MITCHELL T. WILLIAMS et al., Individually and Doing Business as MONTASH FARMS, Appellants.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendants moved for leave to amend their answer to assert, among other things, an affirmative defense and counterclaim alleging that plaintiff had failed to comply with Education Law article 145. "Absent prejudice or surprise, leave to amend shall be freely granted (CPLR 3025, subd [b]). Upon consideration of the motion, Special Term should not examine the merits or legal sufficiency of the proposed amendment unless the proposed pleading is clearly and patently insufficient on its face" *(Newton v Aqua Flo Co.,* 106 AD2d 919, 920; *see, De Forte v Allstate Ins. Co.,* 66 AD2d 1028). Supreme Court concluded that, pursuant to Education Law § 7209 (7) (b), the proposed pleading was without merit. We disagree.

Pursuant to Education Law article 145 (Education Law § 7200 *et seq.),* a party providing engineering services must

comply with certain licensing requirements. Failure to comply with those requirements may preclude the party providing the services from recovering or retaining compensation *(see, Charlebois v Weller Assocs.,* 72 NY2d 587, 593). Education Law § 7209 (7) (b) provides that the licensing requirements do not apply "to farm buildings, including barns, sheds, poultry houses and other buildings used directly and solely for agricultural purposes". Plaintiff contracted with defendants to construct a dairy facility, including barns as well as various labor-saving devices. Defendants allege that plaintiff failed to comply with article 145 of the Education Law. That allegation is sufficient to state a cognizable defense or claim under article 145 of the Education Law *(see,* Education Law § 7201). Supreme Court rejected defendants' proposed affirmative defense and counterclaim on the ground that plaintiff's services fell within the exception of Education Law § 7209 (7) (b). That exception, however, must be read narrowly and must be restricted only so far as its language fairly warrants *(see, Matter of Radich v Council of City of Lackawanna,* 93 AD2d 559, 563, *affd* 61 NY2d 652). Thus, the exception of Education Law § 7209 (7) (b) may be read to refer only to the barn and not to the labor-saving devices installed therein. We note, however, that defendants cannot recover consequential damages if it is established that plaintiff failed to comply with Education Law article 145 because their remedy is limited to the contract price *(see, Charlebois v Weller Assocs., supra; see also,* Education Law § 7200 *et seq.; see generally, Richards Conditioning Corp. v Oleet,* 21 NY2d 895).

Thus, defendants' motion for leave to amend their answer to assert an additional affirmative defense and counterclaim is granted to the extent that the proposed pleading alleges noncompliance with Education Law article 145.

We have examined defendants' other contentions and find them to be without merit. (Appeal from Order of Supreme Court, Ontario County, Henry, Jr., J.—Amended Answer.) Present—Denman, P. J., Pine, Balio, Fallon and Doerr, JJ.