■ VINCENT A. CORSARO et al., Respondents, v COUNTY OF NASSAU, Appellant. [620 NYS2d 75] —In an action, inter alia, for a judgment declaring that the plaintiff Vincent A. Corsaro is entitled to reimbursement for certain travel expenses, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (McCarty, J.), entered May 14, 1993, which granted the plaintiffs' motion for summary judgment, and declared that the defendant is obligated to reimburse Vincent A. Corsaro for certain travel expenses.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof which declared that the defendant was obligated to pay Vincent A. Corsaro "the amount claimed for travel reimbursement for the period from June 15, 1989, through February 25, 1991", and substituting therefor a provision declaring that the defendant is obligated to pay Vincent A. Corsaro reimbursement for travel equal to the distance from his residence to his first assignment of the day, minus the distance from his residence to his home office in Mineola, and from his last assignment of the day to his residence, minus the distance from his home office to his residence, for the period from June 15, 1989, through February 25, 1991; as so modified, the order and judgment is affirmed, with costs to the plaintiffs.

The plaintiff Vincent A. Corsaro is employed as a construction inspector by the Nassau County Department of Public Works. As part of his duties as an inspector during the period between June of 1989 and February of 1991, Corsaro utilized his personal automobile to travel from his home to various sites throughout the County in order to oversee a storm water basin reconstruction project. Corsaro thereafter sought to be reimbursed for his travel expenses under section 33 of his collective bargaining agreement, which permits County employees, in certain instances, to receive an allowance for mileage traveled in their personal automobiles on County business. The agreement provides, in pertinent part, that an employee may not be reimbursed for miles traveled to and from his or her "home office". However, section 33-1.2 of the agreement further provides that an employee who "works in the field and does not report to his/her home office shall receive reimbursement for traveling on County business on his/her first and last call which is in excess of the mileage that would have been incurred by the employee in reporting to his/her home office from his/her house".

Corsaro, a field employee, sought reimbursement for travel expenses pursuant to section 33-1.2, contending that for purposes of the collective bargaining agreement, his "home office" was located at 1 West Street in Mineola, where the Division of Highways and General Engineering to which he was assigned maintained its administrative offices. The County denied Corsaro's request for mileage reimbursement, however, asserting that its long-standing practice was to treat "field employees" such as Corsaro as if their first and last job assignments of the day constituted their "home base", thus barring these employees from receiving any reimbursement for mileage traveled from their residence to their first job assignment, or from their last job assignment to their residence. The Supreme Court agreed with the County's claim that Corsaro had no "home office", and that section 33-1.2 of the agreement was thus inapplicable to him, but concluded that he was nevertheless entitled to be paid for all mileage incurred in traveling to and from his work sites. We now modify.

Contrary to the County's contention, we find that the Mineola administrative offices, where Corsaro's work assignments were formulated, and where Corsaro received mail and messages, and picked up his paychecks, must be considered his "home office" for purposes of section 33-1.2. Although the County contends that Corsaro rarely visited the Mineola administrative offices and generally traveled directly from his

home to his first job assignment, and from his last job assignment to his home, section 33-1.2 expressly encompasses field employees, such as Corsaro, who *do not* regularly report to a "home office". While past practice may be considered to discern the intent of the parties to a collective bargaining agreement where that agreement is ambiguous *(see, Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 583; *Central Sq. Teachers Assn. v Board of Educ.,* 72 NY2d 932, 933, *affd* 52 NY2d 918), here the subject agreement clearly entitles employees who work in the field and do not regularly report to a home office to be reimbursed for mileage in excess of that which would have been incurred had the employee reported to a home office from his or her residence, and the County's claimed past practice of deeming all field employees to be without a home office would vitiate the intent of the provision. We further note, in any event, that the County failed to establish the existence of a uniform past practice with regard to this issue. Accordingly, we find that the Department of Public Work's main administrative offices constitute Corsaro's "home office" for purposes of section 33-1.2 of the agreement, and find that Corsaro is entitled to travel reimbursement equal to the distance from his residence to his first assignment of the day, minus the distance from his residence to his home office, in Mineola, and from his last assignment of the day to his residence, minus the distance from his home office to his residence for the period in question. Thompson, J. P., Sullivan, Friedmann and Krausman, JJ., concur.