■ In the Matter of OLANIKE ALABI, Appellant, v COMMUNITY BOARD NO. 2 OF BROOKLYN et al., Respondents. [793 NYS2d 137]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Community Board No. 2 of Brooklyn, dated June 9, 2003, which terminated the petitioner's employment as its district manager, the appeal is from an order and judgment (one paper) of the Supreme Court, Kings County (Harkavy, J.), dated October 16, 2003, which granted the respondents' cross motion to dismiss the petition on the ground that it failed to state a cause of action, and dismissed the petition.

Ordered that the order and judgment is reversed, on the law, with costs, the cross motion is denied, the petition is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

On a motion pursuant to CPLR 7804 (f) to dismiss a petition, "only the petition is to be considered and all of its allegations are to be deemed true" (*Matter of Zaidins v Hashmall,* 288 AD2d 316, 316-317 [2001]; *see also Matter of De Paoli v Board of Educ., Somers Cent School Dist.,* 92 AD2d 894 [1983]). The petitioner was removed from her position as district manager by the vote of a majority of the members of the respondent Community Board No. 2 of Brooklyn (hereinafter the Board) who were present at the meeting at which the vote was taken. Those members did not, however, constitute a majority of the entire membership of the Board. The bylaws of the Board provide specifically that the district manager may be removed only by a vote of the majority of the entire Board (*see* By-Laws of Community Board No. 2, Borough of Brooklyn XIX [5] [d]). Contrary to the position taken by the respondents, this provision is in direct conflict with the general provision of the bylaws permitting the Board to take action by a majority of those present (*see* By-Laws of Community Board No. 2, Borough of Brooklyn XIV [1]). In such circumstances, the specific provision must control (*see Iazzetti v City of New York,* 94 NY2d 183, 190 [1999]; *People v Lawrence,* 64 NY2d 200, 204 [1984]). The bylaw requirement that the removal vote be by a majority of the

entire Board is also inconsistent with the general provision in the City Charter permitting the Board to act by a majority of the members present (see New York City Charter § 2801 [b]). Nevertheless, the Board is authorized by the Charter to adopt its own bylaws (see New York City Charter § 2800 [d] [7]), and the respondents have not argued that the Board was without authority to impose a voting requirement for the removal of the district manager that is greater than that required for other actions.

The petitioner's remaining contentions either are unpreserved for appellate review or without merit. Crane, J.P., Spolzino, Skelos and Lifson, JJ., concur.