■ MOHAMED R. BAKSH, Appellant, v TOWN/VILLAGE OF HARRISON, Respondent. [832 NYS2d 645]—

In an action to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Colabella, J.), entered January 4, 2006, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court dated April 18, 2006, which, upon the order, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff commenced this action to recover damages for breach of contract after the defendant, upon the termination of the plaintiff's employment, denied his demand for payment of the monetary value of his accrued "compensatory time." The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. We affirm.

In general, in the absence of a pre-existing contractual provision or legislative enactment, a municipal employee is not entitled to recover the monetary value of accrued credits such as "compensatory time" (*see* General Municipal Law § 92 [1]; *Matter of Karp v North Country Community Coll.,* 258 AD2d 775 [1999]; *Matter of Rubinstein v Simpson,* 109 AD2d 885 [1985]; *Dow v Board of Trustees of Farmingdale Pub. Lib.,* 75 AD2d 632 [1980]). Here, in opposition to the defendant's prima facie demonstration of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact. Thus, the defendant was properly granted summary judgment dismissing the complaint.

The plaintiff's remaining contentions are not properly before this Court or lack merit. Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.