■ In the Matter of MARY JANE BOLIN, Appellant, v NASSAU COUNTY BOARD OF COOPERATIVE EDUCATIONAL SERVICES, Respondent. [861 NYS2d 701]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Board of Cooperative Educational Services, which denied the petitioner's request for the payment of accrued vacation benefits in the sum of $31,020.80, and to compel the payment of such accrued vacation benefits, and action, in effect, to recover damages for conversion and for replevin to compel the return of personal property, the petitioner/plaintiff appeals from an order and judgment (one

paper) of the Supreme Court, Nassau County (Woodard, J.), entered April 3, 2007, which granted the respondent/defendant's cross motion which was to dismiss the petition/complaint pursuant to CPLR 3211 for failure to state a cause of action and pursuant to CPLR 7804 (f) for failure to exhaust administrative remedies, and dismissed the petition/complaint.

Ordered that the order and judgment is modified, on the law, by deleting the provisions thereof granting those branches of the cross motion which were to dismiss the cause of action seeking the payment of $16,768, representing the cash value of a 40-day vacation leave balance, and the cause of action seeking the return of personal property, and substituting therefor provisions denying those branches of the cross motion; as so modified, the order and judgment is affirmed, without costs or disbursements.

In this hybrid CPLR article 78 proceeding and action, the petitioner/plaintiff Mary Jane Bolin (hereinafter the petitioner), seeks to compel the Nassau County Board of Cooperative Educational Services (hereinafter BOCES) to pay her, pursuant to a collective bargaining agreement between BOCES and the BOCES Educational Administrators Association, the sum of $16,768, representing the cash value of a 40-day vacation leave balance, and pursuant to a 2004 amendment to the collective bargaining agreement, the sum of $14,252.80, representing the cash value of a 34-day "vested bank" vacation leave balance. In a separate cause of action, the petitioner seeks the return of certain items of her personal property that she alleges BOCES has unlawfully refused to return after she retired.

BOCES moved to dismiss the combined petition/complaint, arguing that, as a matter of public policy, the petitioner is not entitled to either payment because she pleaded guilty to attempted grand larceny in the second degree for stealing its funds. The Supreme Court agreed with BOCES and dismissed the petition/complaint on the ground that, as a matter of law, BOCES was within its right to deny the petitioner's request for a lump sum payment representing her unused and "vested bank" vacation leave in light of her guilty plea. The Supreme Court further concluded that the petitioner failed to exhaust her administrative remedies with respect to her cause of action regarding her personal property. We modify to reinstate the claim seeking repayment for the cash value of the 40-day vacation leave balance and the cause of action seeking the return of personal property.

The petitioner's guilty plea did not warrant dismissal of her petition/complaint. Rather, in the absence of superseding

authority, the express provisions of the collective bargaining agreement must control (*see Baksh v Town/Village of Harrison,* 38 AD3d 808 [2007]; *Matter of Degnan v Constantine,* 189 AD2d 423, 424 [1993]; *Matter of Rubinstein v Simpson,* 109 AD2d 885, 886 [1985]; *Coates v City of New York,* 49 AD2d 565, 566 [1975]). The collective bargaining agreement at issue provides as follows: "Unit members employed on a twelve (12) month basis shall be entitled to twenty-two (22) days of leave with pay per calendar year to be taken as approved by the appropriate department head or his/her designee, consistent with the needs of the agency. Such annual leave shall be earned at the rate of 5.5 days for each three (3) months of employment, and may be accumulated from year to year, up to a maximum accumulation of forty (40) days." Further, a 2004 amendment to the collective bargaining agreement provides in pertinent part as follows: "5. Unit members who maintain a vacation day account consisting of more than forty (40) days (regular vacation leave days) will be granted a 'vested bank' of vacation days pursuant to the formula hereinafter set forth . . . Such members will be credited with two (2) days of 'vested' vacation leave for every full year of Nassau BOCES service . . . Upon resignation for purposes of retirement or resignation for purposes of separation other than a separation for cause, the unit member will be paid a cash sum equal to the number of days remaining in the unit member's 'vested bank' of vacation leave days . . . 6. This Agreement does not change nor amend in any way the Nassau BOCES practice of paying retiring or resigning unit members the per diem value of up to forty (40) days accumulated by unused vacation days in the employee's regular vacation leave account" (emphasis added).

Here, the petitioner continues to deny that she diverted funds from BOCES for her own personal use. Nevertheless, she admits that she "agreed to resign" and plead guilty to attempted grand larceny in the second degree. Paragraph 5 of the 2004 amendment to the collective bargaining agreement gives BOCES the discretion to deny payment for "vested bank" vacation leave if the employee's separation from BOCES was "for cause." Under the circumstances, the petitioner's separation from BOCES was "for cause." Accordingly, even assuming the truth of the allegations set forth in the petition/complaint and according the petitioner every favorable inference, as we must at this stage of the proceedings (*see Matter of Town of Riverhead v New York State Dept. of Envtl. Conservation,* 50 AD3d 811 [2008]; *Matter of Alabi v Community Bd. No. 2 of Brooklyn,* 17 AD3d 459 [2005]), the petitioner failed to state a claim that BOCES is required to pay her the cash value of her 34-day "vested bank" vacation balance.

Turning to the petitioner's claim that BOCES must pay her the cash value of her 40-day vacation leave balance, the petition/complaint asserts that the 2004 amendment to the collective bargaining agreement "confirm[s], accept[s] and acknowledge[s] a past practice, established for a substantial period of time," in which BOCES pays retiring employees for any unused vacation leave. The petition/complaint further alleges that the petitioner reasonably expected BOCES to continue such practice and apply it to her upon her retirement, and that at the conclusion of a grievance procedure in which she demanded payment for her unused vacation leave balance, "BOCES unilaterally, arbitrarily and capriciously refused and failed to honor its own past practice and failed and refused to pay [her] for her unused vacation days." Although the collective bargaining agreement itself is ambiguous in that it does not specifically require BOCES to pay retiring employees the cash value of their accumulated vacation leave balances, paragraph 6 of the 2004 amendment to the collective bargaining agreement specifically references such a past practice, and unlike paragraph 5, does not contain a separation "for cause" element. Under the circumstances, the petition/complaint stated a claim that BOCES pay the petitioner the cash value of her 40-day vacation leave balance (*see Matter of New York State Correctional Officers & Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.*, 309 AD2d 1118 [2003]; *Corsaro v County of Nassau*, 210 AD2d 286, 288 [1994]; *see also Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva*, 92 NY2d 326, 333 [1998]; *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 583 [1977]).

Further, as the petition/complaint alleges that the petitioner is the owner of certain personal property that BOCES has unlawfully refused to return, it stated a sufficient cause of action for conversion and replevin (*see Hofferman v Simmons*, 290 NY 449, 455 [1943]; *Salatino v Salatino*, 13 AD3d 512, 513 [2004]; *Hoffman v Unterberg*, 9 AD3d 386, 387-388 [2004]). Contrary to the Supreme Court's determination, the petitioner provided sufficient evidence demonstrating that no administrative remedies were available to address her claim. Consequently, the Supreme Court improperly dismissed this cause of action. Mastro, J.P., Rivera, Angiolillo and McCarthy, JJ., concur.