■ JOHN THOMAS LANDERS, Respondent, v CSX TRANSPORTATION, INC., Appellant. [893 NYS2d 774]—

Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered August 7, 2008 in an action pursuant to the Federal Employers' Liability Act. The order granted the motion of plaintiff for leave to amend the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action pursuant to the Federal Employers' Liability Act (FELA) (45 USC § 51 *et seq.*), seeking damages for injuries that he allegedly sustained when he fell on stairs located at defendant's property. He subsequently moved for leave to amend the complaint by adding an additional defendant and a cause of action seeking damages for spinal injuries allegedly caused by long-term exposure to vibration. Contrary to defendant's contention, Supreme Court properly exercised its discretion in granting the motion.

It is well settled that "[l]eave [to amend a pleading] shall be freely given" (CPLR 3025 [b]), and "[t]he decision to allow or disallow the amendment is committed to the court's discretion" (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]). A court " 'should not examine the merits or legal sufficiency of the proposed amendment unless the proposed pleading is clearly and patently insufficient on its face' " (*Agway, Inc. v Williams*, 185 AD2d 636, 636 [1992]; *see Lucido v Mancuso*, 49 AD3d 220, 229 [2008]). We cannot conclude that the court abused its discretion in granting the motion in this case, particularly in light of the "more lenient standard for determining negligence and causation in a FELA action" (*McCabe v CSX Transp., Inc.*, 27 AD3d 1150, 1151 [2006] [internal quotation marks omitted]).

We have considered defendant's remaining contention and conclude that it is without merit. Present—Scudder, P.J., Centra, Fahey and Green, JJ.