In an action to recover damages for breach of contract and promissory estoppel, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Lubell, J.), dated August 23, 2011, as, upon renewal, adhered to a prior determination in an order dated January 19, 2011, denying that branch of their cross motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract with regard to unused sick-leave benefits.
Ordered that the order dated August 23, 2011, is reversed insofar as appealed from, on the law, with costs, upon renewal, the determination in the order dated January 19, 2011, denying that branch of the defendants’ cross motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract with regard to unused sick-leave benefits is vacated, and that branch of the defendants’ cross motion is thereupon granted.
On January 7, 2009, the Town of New Windsor adopted a resolution which granted certain postretirement health-care benefits to elected officials with eight years or more of service. On May 6, 2009, the Town modified the aforementioned resolution in accordance with a new schedule, and adjusted the sick-leave pay. On July 31, 2009, the plaintiff, a Town Justice, retired from employment.
Following his retirement, the plaintiff commenced the instant action alleging, inter alia, that he was entitled to payment for 397 unused sick days. The plaintiff then moved for summary judgment on the complaint and the defendants cross-moved, among other things, for summary judgment dismissing the cause of action to recover damages for breach of contract with regard to unused sick-leave benefits. As relevant to the instant appeal, in an order dated January 19, 2011, the Supreme Court denied that branch of the defendant’s cross motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract with regard to unused sick-leave benefits. Thereafter, upon renewal, the Supreme Court adhered to its prior determination. The defendants appeal.
“ ‘In general, a public employee whose employment has terminated may not recover the monetary value of unused . . . *626 sick time in the absence of statutory or contractual authority’ ” (Kerlikowske v City of Buffalo, 305 AD2d 997, 997 [2003], quoting Grishman v City of New York, 183 AD2d 464, 465 [1992]). The defendants met their prima facie burden of showing their entitlement to judgment as a matter of law by demonstrating that there was no statutory or contractual authority for the relief sought by the plaintiff. In opposition to the defendants’ prima facie showing, the plaintiff failed to raise a triable issue of fact (see Baksh v Town/Village of Harrison, 38 AD3d 808, 809 [2007]). Accordingly, upon renewal, the Supreme Court should have vacated the determination in the order dated January 19, 2011, denying that branch of the defendants’ cross motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract with regard to unused sick-leave benefits, and thereupon granted that branch of the defendants’ cross motion. Rivera, J.R, Chambers, Roman and Miller, JJ., concur.