# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1205**
**CA 12-00356**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, VALENTINO, AND MARTOCHE, JJ.

---

IN THE MATTER OF CLAIROL DEVELOPMENT, LLC AND
CRANE-HOGAN STRUCTURAL SYSTEMS, INC.,
PETITIONERS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

VILLAGE OF SPENCERPORT, JACK CROOKS, VILLAGE OF
SPENCERPORT BUILDING INSPECTOR, THEODORE WALKER,
VILLAGE OF SPENCERPORT MAYOR, KEITH O'TOOLE,
DEPUTY ATTORNEY VILLAGE OF SPENCERPORT, ZONING
BOARD OF APPEALS FOR VILLAGE OF SPENCERPORT,
ZONING BOARD OF APPEALS FOR TOWN OF OGDEN,
RESPONDENTS-APPELLANTS.

---

GALLO & IACOVANGELO, LLP, ROCHESTER (ANTHONY M. SORTINO OF COUNSEL),
FOR RESPONDENTS-APPELLANTS.

GATES & ADAMS, P.C., ROCHESTER (RICHARD T. BELL, JR., OF COUNSEL), FOR
PETITIONERS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (David Michael Barry, J.), entered October 14, 2010 in a proceeding pursuant to CPLR article 78. The order granted petitioners' motion for leave to amend their pleadings.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of petitioners' motion with respect to the proposed first and second causes of action and as modified the order is affirmed without costs.

Memorandum: Respondents appeal from an order in a proceeding pursuant to CPLR article 78 that granted petitioners' motion for leave to amend their petition. We reject respondents' contention that Supreme Court erred in failing to examine the merits of the proposed amendment before granting the motion. A court "should not examine the merits or legal sufficiency of the proposed amendment unless the proposed pleading is clearly and patently insufficient on its face" (*Landers v CSX Transp., Inc.*, 70 AD3d 1326, 1327 [internal quotation marks omitted]; *see Lucido v Mancuso*, 49 AD3d 220, 229), and here the court properly determined that the proposed amendment was not clearly and patently insufficient on its face. Contrary to respondents' contention, the one-year and 90-day period contained in General Municipal Law § 50-i is a statute of limitations to which the tolling provision of CPLR 205 (a) applies, rather than a condition precedent

to commencing a proceeding or an action (*see Campbell v City of New York*, 4 NY3d 200, 201-202; *Matter of Billman v Port Jervis School Dist.*, 84 AD3d 1367, 1370). Thus, petitioners' failure to plead compliance with the one-year and 90-day period did not render the proposed amended pleading insufficient on its face.

Nevertheless, we agree with respondents that the court erred in granting petitioners' motion with respect to certain of the proposed causes of action in the amended pleading. We therefore modify the order accordingly. Proposed new causes of action are not time-barred if those causes of action " 'merely add[ ] . . . new theor[ies] of recovery arising out of transactions already at issue in th[e] litigation' " (*C-Kitchens Assoc., Inc. v Travelers Ins. Cos. [Travelers Ins. Co.]*, 15 AD3d 905, 906; *see* CPLR 203 [f]). The relation back doctrine, however, is inapplicable where the causes of action "are based upon events that occurred after the filing of the initial petition, rather than upon the transactions giving rise to the [causes of action] in the initial petition" (*Matter of New York Foundling Hosp., Inc. v Novello*, 47 AD3d 1004, 1006, *lv denied* 10 NY3d 708). Petitioners' proposed first and second causes of action, which relate to respondents' alleged coercion in seeking consulting and electric fees, and respondents' alleged failure to accept a street dedication and release a letter of credit, do not relate back to the initial petition, which was based solely upon respondents' alleged failure to issue a building permit, and they are otherwise time-barred based on petitioners' failure to comply with the requirements in General Municipal Law § 50-i. We conclude, however, that the third cause of action related back to the petition, and it was also a proper subject of the proposed amendment (*see generally Matter of Upstate Land & Props., LLC v Town of Bethel*, 74 AD3d 1450, 1452; *Matter of Bolin v Nassau County Bd. of Coop. Educ. Servs.*, 52 AD3d 704, 705). To the extent that the third cause of action asserts the violation of 42 USC § 1983 and seeks attorneys' fees pursuant to 42 USC § 1988, we note that respondents do not contend that compliance with the notice of claim requirements in General Municipal Law §§ 50-e and 50-i is necessary to recover with respect to that cause of action (*see Felder v Casey*, 487 US 131, 134; *Burton v Matteliano*, 81 AD3d 1272, 1275, *lv denied* 17 NY3d 703; *Pendleton v City of New York*, 44 AD3d 733, 738). We also note that the claims pursuant to 42 USC §§ 1983 and 1988 are subject to a three-year statute of limitations (*see Rimany v Town of Dover*, 72 AD3d 918, 921, *lv denied* 15 NY3d 705), and respondents do not contend that those claims are time-barred by that period of limitations.

Finally, respondents' contention that petitioners failed to provide reasoning for their delay in filing their motion for leave to amend is raised for the first time in respondents' reply brief and thus is not properly before us (*see generally Hann v Black*, 96 AD3d 1503, 1505).

Entered:  November 16, 2012                    Frances E. Cafarell
                                               Clerk of the Court