Tyk v Brooklyn Community Bd. 12 (2018 NY Slip Op 07484)





Tyk v Brooklyn Community Bd. 12


2018 NY Slip Op 07484


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-04663
 (Index No. 10841/14)

[*1]Aaron Tyk, appellant, 
v
Brooklyn Community Board 12, et al., respondents.


Aaron Tyk, Brooklyn, NY, appellant pro se.
Zachary W. Carter, Corporation Counsel, New York, NY (Pamela Seider Dolgow, Evan Schnittman, and Kathy Chang Park of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated March 9, 2016. The order, inter alia, granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff was an appointed board member of Brooklyn Community Board 12 (hereinafter the Board), before he was removed, for cause, by vote of the Board, on June 24, 2014. One month after the plaintiff was removed, he commenced this action, inter alia, to recover damages for the Board's alleged violation of his right to due process in removing him from the Board and for defamation arising from purportedly false and defamatory statements made by another Board member about the plaintiff which were communicated in public and damaged the plaintiff's reputation. The plaintiff was permitted to serve and file an amended complaint, which supplemented the allegations of the complaint. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint, the Supreme Court deemed the motion to dismiss to apply to the amended complaint and granted the motion. The plaintiff appeals.
Public offices are created for the benefit of the public and not for the benefit of the individual office holder. The office holder, whether elected or appointed, acquires no contractual, vested, or property right in the office. With regard to the due process claim, where the plaintiff is an unsalaried public official, he or she is not deprived of life, liberty, or property when the office is terminated (see Lanza v Wagner, 11 NY2d 317, 324; see also Warden v Pataki, 35 F Supp 2d 354, 362 [SD NY], affd sub nom. Chan v Pataki, 201 F3d 430 [2d Cir]). The Board followed the exact procedures for removal of a Board member required by the Board's by-laws, which explicitly granted the plaintiff the right to notice of the motion to remove him and an opportunity to address the Board on the motion before a vote. While the plaintiff has persistently maintained that he could seek relief for his purported improper removal from the Board by commencing this plenary action for damages, we agree with the Supreme Court's determination that the proper vehicle for review of a Board's removal of a fellow board member would be a proceeding pursuant to CPLR article 78 (see Matter of Alabi v Community Bd. No. 2 of Brooklyn, 17 AD3d 459; Matter of Lutwin v Alleyne, 86 AD2d [*2]670, mod on other grounds 58 NY2d 889).
With respect to the defamation cause of action, the amended complaint alleges that, at the Board's monthly meeting on June 26, 2013, the chairman made false and defamatory statements about the plaintiff, to wit, that the plaintiff threatened several police officers and Board members. The amended complaint further alleges that the chairman's statements were communicated to those present at the meeting, including community residents, elected officials, New York City police officers, and other members of the public, that the statements were subsequently published in the Board's official minutes, and that the plaintiff sustained damage to his reputation and was entitled to damages. We agree with the Supreme Court's determination that the cause of action alleging defamation was barred by the statute of limitations, as the action was commenced more than one year after the allegedly slanderous statements were made (see CPLR 215[3]). To the extent the plaintiff purported to assert causes of action for other allegedly defamatory statements, we also agree with the court's determination to grant dismissal of those causes of action, as they were not pleaded with the requisite particularity (see CPLR 3016[a]).
Finally, we agree with the Supreme Court's determination to grant dismissal of the remaining causes of action, which alleged breach of fiduciary duty. Those causes of action likewise did not satisfy the pleading requirements (see CPLR 3016[b]), given the lack of any specific allegation in the amended complaint that the Board or its individual officers or district manager owed the plaintiff a fiduciary duty or that there was a contract or agreement between the Board, its members, and/or the plaintiff.
RIVERA, J.P., MALTESE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court