■ In the Matter of MARGUERITE CROWLEY, Appellant, v BOARD OF EDUCATION OF THE YONKERS PUBLIC SCHOOLS et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the respondent to reinstate the petitioner to her former position, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Stolarik, J.), dated March 18, 1986, which dismissed her petition, and granted the respondent's cross petition to confirm a prior arbitration award.

Ordered that the judgment is affirmed, with costs.

It appears from the record that Special Term correctly ruled that litigation of the petitioner's claim was barred by res judicata and collateral estoppel since the issue of whether the termination of her services as a teacher violated her rights under Education Law § 2585 (3) had been previously raised at, argued before, and resolved by, the arbitrator in the respondent's favor. Moreover, disputes as to matters arising from or involving the above statute are not barred from submission to arbitration *(see, Board of Educ. v Glaubman,* 53 NY2d 781).

We further find that the respondent's cross petition to confirm the arbitrator's award was properly granted since, regardless of whether or not he misapplied Education Law § 2585, the arbitrator's award was not irrational, did not violate a strong public policy, and did not exceed a specifically

enumerated limitation on his power *(see, Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308; *Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 629-630). Lawrence, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.