In the Matter of EDWARD SHARP, Respondent, v ROBERT KILEY, as Chairman of the Metropolitan Transportation Authority, Sued in Error as Chairman of the Metropolitan Transit Authority, et al., Appellants, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Transit Authority dated August 9, 1983, terminating the petitioner's employment, Robert Kiley, Chairman of the Metropolitan Transportation Authority, David Gunn, President of the New York City Transit Authority, and the New York City Transit Authority, appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Dowd, J.), entered July 2, 1986, as, upon denying the appellants' cross motion to dismiss the proceeding as against them, granted the petition.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the appellants' cross motion to dismiss the proceeding as against them is granted.

Effective August 8, 1983, the petitioner was summarily discharged without a hearing from his position as car inspector with the appellant New York City Transit Authority due to his unsatisfactory performance during his probationary period. Thereafter, pursuant to the grievance procedure provided under the petitioner's collective bargaining agreement, a grievance was presented and all stages completed on behalf of the petitioner by the Transport Worker's Union Local 100. Thereafter, a request for arbitration was made. The issue presented was whether the petitioner was a permanent employee at the time of his discharge and accordingly entitled to a hearing prior thereto. In an opinion and award dated April 16, 1984, the arbitrator found that the petitioner was a probationary employee at the time of his discharge and resolved the complaint in favor of the appellants.

In or about July 1984 the petitioner commenced the instant

proceeding challenging the appellants' determination terminating his employment and presenting essentially the identical claim that he was improperly discharged without a hearing because at that time he was a permanent employee. Since the identical claim was presented to, argued before and resolved essentially by the arbitrator in the appellants' favor, the relitigation of the petitioner's claim in a proceeding pursuant to CPLR article 78 is barred under the doctrines of res judicata and collateral estoppel *(see, Matter of Crowley v Board of Educ.,* 128 AD2d 871). Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.