■ In the Matter of the Arbitration between VESTAL CENTRAL SCHOOL DISTRICT et al., Respondents, and VESTAL TEACHERS ASSOCIATION et al., Appellants. [770 NYS2d 188]—

Cardona, P.J. Appeal from an order of the Supreme Court (Monserrate, J.), entered October 28, 2002 in Broome County, which granted petitioners' application pursuant to CPLR 7503 to stay arbitration between the parties.

Petitioners and respondent Vestal Teachers Association (hereinafter the Union) are parties to a collective bargaining agreement (hereinafter the agreement) covering the period of July 1, 1999 through June 30, 2004. Respondent Deborah Kane was a member of the Union and employed, on a probationary basis, by petitioner Vestal Central School District as a guidance counselor. Between the years 2000 and 2002, Kane was observed and evaluated approximately six times and, in June 2002, advised that her termination was being recommended. In August 2002, prior to the termination of her probationary period, petitioner Vestal Central School District Board of Education voted to terminate Kane's employment.

The Union, on Kane's behalf, filed a grievance alleging that the District did not follow the specific evaluation procedures for probationary employees that were posted at the school in accordance with article 8 of the Agreement.[1] Additionally, it was alleged that the termination violated article 20 (B) of the Agreement, which states, "No teacher shall be disciplined or reprimanded or reduced in compensation without just cause." After a hearing, the District's designee issued a decision denying the Union's grievance, finding the dispute "not grievable under the contract" because article 10, which deals with probationary termination, controlled.[2] Thereafter, the Union filed a demand for arbitration and the District, its Board of Education and its Superintendent commenced this proceeding to stay that arbitration. Supreme Court granted petitioners' request, prompting this appeal.

The question of arbitrability involves a two-pronged inquiry. "First, a court must decide whether 'arbitration claims with respect to the particular subject matter of the dispute [are] autho-

1. "Article 8—EVALUATION "The evaluation procedure used in the school district shall be posted in each school building. "Such procedure shall include the following:

"1. Who may evaluate.

"2. How often a teacher is to be evaluated (as a minimum).

"3. Method by which evaluation is recorded.

"4. Provision for follow-up."

2. "Article 10—SEPARATION . . . "At any time during the probationary period of service, staff members may be dismissed with 30-day notice upon the recommendation of the Superintendent and a majority vote of the Board of Education in accordance with Section 3031 of the Education Law."

rized' " under New York's Taylor Law (*Matter of City of New York v Uniformed Fire Officers Assn., Local 854, IAFF, AFL-CIO,* 95 NY2d 273, 280 [2000], quoting *Matter of New York City Dept. of Sanitation v MacDonald,* 87 NY2d 650, 656 [1996]; *see* Civil Service Law art 14; *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509, 512 [1977]). "Second, the court must ascertain whether the authority to arbitrate was in fact exercised and the parties consented by the terms of their particular agreement to refer disputes in this specific area to arbitration" (*Matter of City of New York v Uniformed Fire Officers Assn., Local 854, IAFF, AFL-CIO, supra* at 280; *see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.],* 93 NY2d 132, 138 [1999]). Notably, with respect to the second prong, it has been held that, when faced with a broad arbitration clause, a court should "merely determine whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the [collective bargaining agreement]" (*Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], supra* at 143).

Applying the two-prong test herein, Supreme Court found that the first inquiry was established, namely, that the Taylor Law authorizes the arbitration of the claims set forth in the instant demand for arbitration. Respondents do not challenge that determination and we agree "that there is nothing in statute, decisional law or public policy" precluding the dispute from being referred to arbitration (*Matter of Committee of Interns & Residents [Dinkins],* 86 NY2d 478, 484 [1995]).[3] Respondents do, however, contend that the court erred in its application of the second prong of the test by holding that the parties did not provide in the Agreement to arbitrate the asserted claims. Upon consideration of the scope of the arbitration clause contained in this Agreement, we find that petitioners' application to stay arbitration should not have been granted.

The Agreement clearly provides that if the Union is dissatisfied with the disposition of a grievance, the matter may be submitted to arbitration. The term "grievance" under article 11 of the Agreement is broadly defined as "a complaint or request of a grievant or the [Union] which involves the interpretation

---

**3.** While it is against public policy for a board of education to surrender its authority to terminate a nontenured teacher at the *end* of a probationary period (*see Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774, 777 [1976]), a board "may limit its right to terminate a probationary teacher during the probationary period" (*Board of Educ., Mt. Sinai Union Free School Dist. v New York State United Teachers,* 51 NY2d 994, 996 [1980]).

of, application of, or compliance with the provisions of this agreement." Turning to the specific allegations in the arbitration demand, we note that Supreme Court concluded that the "just cause" provision in the Agreement did not come within the grievance procedure because it did not state that it included teacher dismissals. However, the Court of Appeals did not accept a similar argument in reversing *Board of Educ. of Lakeland Cent. School Dist. of Shrub Oak* (66 AD2d 340, 344 [1979], *revd* 49 NY2d 311 [1980]). In doing so, the Court noted that "[t]he question of the scope of the substantive provisions of the [collective bargaining agreement] is itself a matter of contract interpretation and application, and hence it must be deemed a matter for resolution by the arbitrator" (*Board of Educ. of Lakeland Cent. School Dist. of Shrub Oak*, 49 NY2d 311, 314 [1980]; *see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], supra* at 143). Similarly, we find that Supreme Court's conclusions relating to the evaluation clause in article 8 and the allegedly dispositive effect of article 10 also involved contract interpretation.

In our view, both issues invoked by respondents in their arbitration demand—"just cause" termination and evaluation procedures—bear a reasonable relationship to the general subject matter of the Agreement and, therefore, the matter should have been found to be arbitrable (*see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], supra* at 143). "[T]he fact that the substantive clauses of the contract might not support the grievances . . . is irrelevant on the threshold question of arbitrability" (*Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers Assn.,* 50 NY2d 1011, 1012 [1980]). It is for the arbitrator to make "a more exacting interpretation of the precise scope of the substantive provisions of the [collective bargaining agreement], and whether the subject matter of the dispute fits within them" (*Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], supra* at 143).

Peters, Carpinello and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and application denied.