■■■ In the Matter of the Arbitration between UNION-ENDICOTT CENTRAL SCHOOL DISTRICT et al., Respondents, and ENDICOTT TEACHERS' ASSOCIATION, on Behalf of JOANNE PETERS, Appellant. [872 NYS2d 753]—

Stein, J. Appeal from an order of the Supreme Court (Lebous, J.), entered February 11, 2008 in Broome County, which, among other things, granted petitioners' application pursuant to CPLR 7503 to permanently stay arbitration between the parties.

Petitioners and respondent entered into a collective bargaining agreement (hereinafter CBA) for the benefit of petitioners' employees and respondent's members. Joanne Peters was a member of respondent by virtue of her employment as a teacher for petitioner Union-Endicott Central School District. In or about December 2006, petitioners began to investigate allegations that Peters was stealing school property and materials and selling same on the Internet. In March 2007, as the investigation was nearing its conclusion—but prior to charges being filed—Peters submitted a letter to petitioner Board of Education of the Union-Endicott Central School District indicating her intent to retire, contingent on receiving certain health and dental benefits pursuant to the CBA. Within a few weeks thereafter, Peters was arrested and charged with grand larceny based on the same conduct being investigated by petitioners. Petitioners also placed her on suspension and subsequently filed administrative disciplinary charges against her pursuant to Education Law § 3020-a. In view of these developments, petitioners decided to delay the processing of Peters' retirement and request for retiree benefits pending a resolution of the charges against her. Respondent filed a grievance on behalf of

Peters and a demand for arbitration of petitioners' refusal to process her retirement and provide the bargained-for benefits, prompting petitioners to commence this proceeding seeking an order permanently staying arbitration. Respondent cross-petitioned to compel arbitration. Supreme Court granted petitioners' application for a permanent stay of arbitration and dismissed respondent's cross petition. Respondent now appeals and we affirm.

In determining whether a matter is arbitrable, the court must undertake a two-step inquiry (*see Matter of Vestal Cent. School Dist. [Vestal Teachers Assn.]*, 2 AD3d 1190, 1191 [2003], *lv denied* 2 NY3d 708 [2004]). The first inquiry is whether the Taylor Law (*see* Civil Service Law art 14) authorizes the arbitration of the subject matter of the dispute (*see Matter of City of New York v Uniformed Fire Officers Assn., Local 854, IAFF, AFL-CIO*, 95 NY2d 273, 280 [2000]). If the court concludes that arbitration is not barred by constitutional, statutory or public policy considerations, it must then determine whether the particular agreement authorizes such arbitration (*see id.* at 280). Here, Supreme Court properly found no constitutional or statutory prohibition to arbitrating the issue of whether the Board can be compelled to process Peters' retirement and, therefore, to provide her with retiree health and dental benefits pending the resolution of criminal and/or administrative disciplinary charges.[1]

We also agree with Supreme Court's determination that the arbitration at issue here is not authorized by the terms of the CBA. A grievance subject to arbitration is defined in the CBA as an "alleged violation of the expressed written words in th[e] agreement." There is no provision in the CBA setting forth the procedure pertaining to the initiation of retiree benefits—including the time within which petitioners must process an employee's request for such benefits after receiving a notice of intent to retire—or the circumstances, if any, under which petitioners may delay doing so (for example, where disciplinary proceedings are or may be pending). Nor does the CBA provide instruction as to when an employee must be considered to be retired for purposes of receiving benefits thereunder. In the absence of any provision requiring petitioners to take action while Peters is under suspension, we find that petitioners' decision to delay action regarding her retirement does not violate

1. Supreme Court explicitly declined to address the issue of whether arbitration should be barred on public policy grounds. In view of our determination that the CBA does not authorize the arbitration, we also need not decide the public policy issue.

any expressed right bestowed by the CBA and is, therefore, not arbitrable.[2]

We have examined respondent's remaining contentions and find them to be unpersuasive.

Cardona, P.J., Mercure, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

**2.** In so finding, we specifically reject respondent's argument that the issue is whether petitioners have the right to deny benefits to Peters. Petitioners have made no such determination and, in the event benefits are ultimately denied, respondent may then avail itself of any applicable rights with respect thereto, including but not limited to any available procedures pursuant to the CBA and/or CPLR article 78.