In the Matter of JOANNE PETERS, Respondent, v UNION-ENDICOTT CENTRAL SCHOOL DISTRICT et al., Appellants. (Proceeding No. 1.) In the Matter of the Arbitration between UNION-ENDICOTT CENTRAL SCHOOL DISTRICT, Appellant, and ENDICOTT TEACHERS' ASSOCIATION et al., Respondents. (Proceeding No. 2.) [910 NYS2d 191]—

Stein, J. Appeal from an order of the Supreme Court (Lebous, J.), entered October 6, 2009 in Broome County, which, among other things, denied petitioner's application in proceeding No. 2 pursuant to CPLR 7503 to permanently stay arbitration between the parties.

Respondent Endicott Teachers' Association (hereinafter ETA)—on behalf of its member, Joanne Peters, a teacher employed by the Union-Endicott Central School District (hereinafter the District)—filed a grievance and demand for arbitration as against the District based upon its refusal to process Peters' retirement application and to provide the bargained-for

health benefits pursuant to the collective bargaining agreement (hereinafter CBA) between the District and the ETA. Before Peters submitted her retirement application, the District and local police authorities commenced an investigation into allegations that Peters was stealing school materials and property and selling such items on the Internet; she submitted her application during that investigation, but prior to her subsequent arrest and charge of grand larceny in the fourth degree. Following her arrest, Peters was placed on suspension and the District filed administrative disciplinary charges against her pursuant to Education Law § 3020-a and delayed action on her retirement application.

In April 2008, a Hearing Officer found that Peters had severed her employment relationship with the District on July 1, 2007. As a result, the Hearing Officer concluded that the disciplinary charges against Peters were moot and granted her motion to dismiss the charges.[1] Shortly thereafter, the District, relying on the Hearing Officer's determination, adopted a resolution to retroactively terminate Peters as of July 1, 2007. In June 2008, prior to our affirmance of Supreme Court's stay of arbitration with respect to petitioner's first grievance (*Matter of Union-Endicott Cent. School Dist. [Endicott Teachers' Assn.]*, 59 AD3d 799 [2009]), the ETA and Peters filed a second grievance challenging the District's April 2008 resolution and final determination denying Peters' receipt of retiree health insurance benefits and demanded arbitration of such grievance. In August 2008, Peters commenced a combined CPLR article 78 proceeding and declaratory judgment action (proceeding No. 1) seeking, among other things, a declaration of her contractual rights to retiree health insurance benefits, and directing the provision thereof. The District then commenced proceeding No. 2 seeking, among other things, to permanently stay arbitration between the parties and, in response, the ETA and Peters cross-moved to compel arbitration. Supreme Court denied the District's application to stay arbitration of the second grievance and granted the motion by the ETA and Peters to compel such arbitration. Consequently, Supreme Court determined that it was unnecessary to reach the merits of proceeding No. 1.[2] The District now appeals and we affirm.

---

1. We note that the Hearing Officer specifically stated that "[n]othing in [the] decision should bear upon the rights of the parties to any dispute concerning . . . Peters' claim for health insurance under the [CBA]."

2. We disagree with the District's assertion that Supreme Court erred in declining to address proceeding No. 1. Peters maintains that she commenced this proceeding simply to "preserve [her] right" to relief in the event that it was determined that the CBA did not entitle her to arbitration of her griev-

Preliminarily, we reject the District's argument that Peters and the ETA lack standing to maintain the grievance challenging the denial of Peters' retirement benefits. As a former teacher and member of the ETA, Peters is "a party to the agreement[ ] [and] the dispute concerns the interpretation of language employed therein" (*Matter of City of Ithaca [Ithaca Paid Fire Fighters Assn., IAFF, Local 737]*, 29 AD3d 1129, 1132 [2006]; *see Ledain v Town of Ontario*, 192 Misc 2d 247, 255 n 5 [2002], *affd for reasons stated below* 305 AD2d 1094 [2003]). Moreover, we have held that "[t]he fact that retirees are not members of [the ETA] or represented by it in collective bargaining negotiations is not determinative in a threshold arbitrability analysis" (*Matter of City of Ithaca [Ithaca Paid Fire Fighters Assn., IAFF, Local 737]*, 29 AD3d at 1132 [citations omitted]). Thus, we conclude that Peters' current status as a former employee does not deprive her of standing to challenge the determination to deny benefits arguably prescribed to her while employed by the District and operating under a contract negotiated by and between the District and the ETA. Likewise, we conclude that the ETA has organizational standing to bring an action on Peters' behalf (*see Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva*, 92 NY2d 326, 330-331 [1998]; *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 775 [1991]; *Matter of South Colonie Cent. School Dist. [South Colonie Teachers Assn.]*, 46 NY2d 521, 526 [1979]).

Turning to the merits, we note that "[t]he court's role in reviewing applications to stay arbitration is . . . a limited one" (*Matter of Enlarged City School Dist. of Troy [Troy Teachers Assn.]*, 69 NY2d 905, 906 [1987]). In determining whether a grievance is arbitrable, we first decide whether "there is any statutory, constitutional or public policy prohibition against arbitration of the grievance" (*Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278 [2002]; *see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 140-142 [1999]). If no such prohibition exists, we must then review the CBA "to determine if the parties have agreed to arbitrate the dispute at

ance and was maintaining proceeding No. 1 until all appeals were exhausted. Insofar as Supreme Court concluded that the CBA provided for arbitration, the court properly determined that there was no need to reach the merits of proceeding No. 1. While Supreme Court did not explicitly state that it was reserving decision, that is, in effect, what was done, and an order reserving decision is not appealable (*see Matter of Trader v State of New York*, 277 AD2d 978, 978 [2000]). If, at such time as all appeals are exhausted, Peters does not discontinue the proceeding, the District can make an appropriate application to Supreme Court for a determination.

issue" (*Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d at 278; *see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d at 140). Significantly, it is "clear that the merits of the grievance are not the courts' concern" (*Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d at 142). Rather, " '[t]he question of the scope of the substantive provisions of the [CBA] is itself a matter of contract interpretation and application, and hence it must be deemed a matter for resolution by the arbitrator' " (*Matter of Vestal Cent. School Dist. [Vestal Teachers Assn.]*, 2 AD3d 1190, 1193 [2003], *lv denied* 2 NY3d 708 [2004], quoting *Board of Educ. of Lakeland Cent. School Dist. of Shrub Oak v Barni*, 49 NY2d 311, 314 [1980]; *see Matter of City of Ithaca [Ithaca Paid Fire Fighters Assn., IAFF, Local 737]*, 29 AD3d at 1132). Thus, " '[t]he fact that the substantive clauses of the contract might not support the grievance[ ] . . . is irrelevant on the threshold question of arbitrability' " (*Matter of Vestal Cent. School Dist. [Vestal Teachers Assn.]*, 2 AD3d at 1193, quoting *Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers Assn.*, 50 NY2d 1011, 1012 [1980]).

The issue raised by the second grievance in the instant matter distills to whether Peters is considered a retiree for purposes of entitlement to health insurance benefits pursuant to the CBA. The District first contends that public policy prohibits arbitration of the grievance on the basis that a determination as to an employee's employment status is a matter to be left to the board of education. In this regard, the District argues that, to allow an arbitrator to determine whether Peters retired or was terminated for purposes of receiving retiree benefits under the CBA would be inconsistent with the Education Law, which vests school boards and districts with the power "[t]o contract with and employ" teachers (Education Law § 1709 [16]). We disagree. In general, it is well settled that "there is no prohibition against arbitrating a dispute originating from the terms of a collective bargaining agreement concerning health insurance benefits for retirees" (*Matter of City of Ithaca [Ithaca Paid Fire Fighters Assn., IAFF, Local 737]*, 29 AD3d at 1130; *see* Civil Service Law § 201 [4]; § 203; *Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d at 138-139; *Matter of Corinth Cent. School Dist. [Corinth Teachers Assn.]*, 77 AD2d 366, 367-368 [1980], *lv denied* 53 NY2d 602 [1981]), and that "issues such as [a school district's] relationship to retired employees [and] whether retirees are covered by the grievance procedure . . . are for [an] arbitrator" to decide (*Matter of City of Elmira [Elmira Professional Firefighters'*

*Assn., AFL-CIO, I.A.F.F.-Local 709],* 34 AD3d 1075, 1077 [2006] [internal quotation marks and citations omitted]; *see City of Buffalo v A.F.S.C.M.E. Council 35, Local 264,* 107 AD2d 1049, 1050 [1985]). Here, the District has not demonstrated how a determination of Peters' status as either a retiree or terminated former teacher for purposes of ascertaining her entitlement to retiree health benefits would infringe upon the District's authority to hire or fire teachers.

We are also unpersuaded by the District's argument that, as a matter of public policy, Peters' alleged misconduct precludes an award of contractual benefits to her, as Peters was never found guilty of grand larceny[3] and the administrative disciplinary charges were dismissed without any finding of guilt.[4] The issue of the effect, if any, of Peters' alleged misconduct on her entitlement to benefits goes to the merits of her grievance, not to its arbitrability (*see generally Matter of Enlarged City School Dist. of Troy [Troy Teachers Assn.],* 69 NY2d at 906). Thus, we agree with Supreme Court's conclusion that the District failed to identify any statute, precedent or public policy that would prohibit reference of the second grievance to arbitration.[5]

The District next argues that the second grievance is not arbitrable pursuant to the terms of the CBA. Again, we disagree. Article 61.1.1 of the CBA defines a grievance as an "alleged violation of the expressed written words in th[e] agreement" and article 61.3.4 of the CBA provides that an employee may request arbitration if he or she is not satisfied with the disposition of a grievance at the administrative level. Retiree health benefits are expressly provided for in article 64.1.1 of the CBA. Thus, a denial of such benefits to Peters constitutes an alleged violation of the CBA. Because a "reasonable relationship [ex-

---

**3.** In November 2008, the criminal charges against Peters were adjourned in contemplation of dismissal.

**4.** Notably, the District never appealed this determination.

**5.** Moreover, contrary to the District's argument, neither Supreme Court's previous decision nor ours regarding the first grievance resolves the issue of arbitrability of the second grievance. In our previous decision—in which we affirmed a stay of arbitration with respect to the first grievance involving the District's delay in processing Peters' retirement application—we specifically noted that, in the event the District denied Peters' request for retiree health benefits, she would not be precluded from appealing such determination in accordance with the CBA and/or a proceeding pursuant to CPLR article 78 (*Matter of Union-Endicott Cent. School Dist. [Endicott Teachers' Assn.],* 59 AD3d 799, 801 n 2 [2009], *supra*). The District apparently misreads that decision to the extent it argues that we determined that the issue of *whether* Peters should be considered a retiree is not arbitrable. Rather, we indicated that the CBA did not address the issue of *when* the District was required to determine her retirement status and, therefore, that issue was not arbitrable.

ists] between the subject matter of the dispute and the general subject matter of the CBA" (*Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d at 143; *see Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d at 277; *Matter of Vestal Cent. School Dist. [Vestal Teachers Assn.]*, 2 AD3d at 1192-1193), the determination as to whether Peters met the qualifications set forth in the CBA for receipt of retiree health benefits is arbitrable. Contrary to the District's contention, in view of the clear agreement to arbitrate, the general reservation of management rights contained in article 61.4 of the CBA is not applicable.

We have examined the District's remaining contentions and, to the extent they are properly before us, find them to be without merit.

Mercure, J.P., Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.