*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 4, 2014                518428
_____

UNION-ENDICOTT CENTRAL SCHOOL
    DISTRICT et al.,
                    Appellants,

        v

JOANNE PETERS,
                    Respondent.

(Action No. 1.)
_____

In the Matter of the
    Arbitration between UNION-
    ENDICOTT CENTRAL SCHOOL
    DISTRICT,
                    Appellant,

        and                              MEMORANDUM AND ORDER

ENDICOTT TEACHERS' ASSOCIATION,
    on Behalf of JOANNE PETERS,
                    Respondent.

(Proceeding No. 1.)
_____

In the Matter of UNION-
    ENDICOTT CENTRAL
    SCHOOL DISTRICT,
                    Appellant,

        v

ENDICOTT TEACHERS' ASSOCIATION
    et al.,
                    Respondents.

(Proceeding No. 2.)
_____

Calendar Date:  October 15, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ.

_____


        Law Firm of Frank W. Miller, East Syracuse (Frank W. Miller of counsel), for appellants.

        Hinman, Howard & Kattell, LLP, Binghamton (Alexander D. Racketa of counsel), for Joanne Peters, respondent.

        Richard E. Casagrande, New York State United Teachers, Latham, for Endicott Teachers' Association, respondent.


_____


Clark, J.

        Appeals from an order of the Supreme Court (Lebous, J.), entered April 22, 2013 in Broome County, which, among other things, denied plaintiffs' motion in action no. 1 to amend the complaint.

        Joanne Peters was employed as a teacher by the Union-Endicott Central School District (hereinafter the District), and she attempted to retire from that position after allegations surfaced that she had stolen District property.  Peters is a member of the Endicott Teachers' Association (hereinafter ETA), the exclusive bargaining representative of teaching personnel in the District.  The present appeals mark the latest chapter in ongoing litigation, both in the proceedings now before us and elsewhere, and the underlying facts are set forth in our prior decisions (Matter of Peters v Union-Endicott Cent. School Dist., 77 AD3d 1236, 1236-1237 [2010]; Matter of Union-Endicott Cent. School Dist. [Endicott Teachers' Assn.], 59 AD3d 799, 799-800 [2009]).  As is relevant here, a dispute exists as to whether Peters is entitled to receive retiree health insurance benefits provided for in a collective bargaining agreement (hereinafter CBA) between the ETA and the District given the circumstances of

her departure from employment with the District.

The District and its Board of Education (hereinafter the Board) commenced action No. 1 against Peters in 2007 and sought to recover damages stemming from, among other things, her alleged theft of District property and breach of the duty of loyalty owed by an employee. The District also determined that it had terminated Peters effective July 1, 2007 and that, as a result, she was not entitled to retiree health benefits. The ETA and Peters grieved the District's determination under the CBA and demanded binding arbitration of it. The District responded by commencing proceeding No. 1 to seek a permanent stay of arbitration. Supreme Court rejected the District's application and granted a cross motion by the ETA and Peters to compel arbitration and, upon appeal, we affirmed (Matter of Peters v Union-Endicott Cent. School Dist., 25 Misc 3d 1210[A], 2009 NY Slip Op 52025[U] [2009], affd 77 AD3d 1236 [2010]). In so doing, we noted that "[t]he issue of the effect, if any, of Peters' alleged misconduct on her entitlement to benefits goes to the merits of her grievance, not to its arbitrability" (Matter of Peters v Union-Endicott Cent. School Dist., 77 AD3d at 1240).

At the ensuing arbitration hearing, the District and the ETA stipulated that the arbitrator would first assess whether the District's determination had violated the terms of the CBA. If the arbitrator found a violation, he would then be obliged to decide whether Peters' right to retiree health insurance benefits was impacted by the faithless servant doctrine, which provides that "[o]ne who owes a duty of fidelity to a principal and who is faithless in the performance of his [or her] services is generally disentitled to recover his [or her] compensation, whether commissions or salary" (Feiger v Iral Jewelry, 41 NY2d 928, 928 [1977]). In 2012, the arbitrator issued an opinion and award finding that the District had violated the terms of the CBA and that the faithless servant doctrine was inapplicable. The arbitrator went on to state that he "believe[d] the District's claims [were] better suited for a lawsuit than a grievance arbitration proceeding."

The District and Board thereafter moved for leave to amend their complaint in action No. 1 to assert causes of action

invoking the faithless servant doctrine, seeking to both bar Peters' receipt of retiree health insurance benefits and recover damages for the value of the benefits that she had already received. The District also commenced proceeding No. 2 and sought to either vacate the arbitration award or stay its enforcement until issues regarding the applicability of the faithless servant doctrine in action No. 1 had been resolved. The ETA, in turn, cross-moved for leave to intervene in action No. 1 in order to oppose the proposed amendments to the complaint. Supreme Court, among other things, declined to vacate the arbitration award or prevent it from going into effect, denied leave to amend the complaint in action No. 1 and granted the ETA leave to intervene in that action.[1] The District appeals in proceeding Nos. 1 and 2, and the District and Board appeal in action No. 1.

We initially agree with Supreme Court that vacatur of the arbitration award is not warranted. "It is well established that an arbitrator's award is largely unreviewable" (Matter of Adirondack Beverages Corp. [Bakery, Laundry, Beverage Drivers & Vending Mach. Servicemen & Allied Workers, Local Union No. 669 of Albany, N.Y. & Vic.], 108 AD3d 832, 833 [2013] [citations omitted]; see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 534 [2010]). Vacatur of an arbitration award is only appropriate where "it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d at 534; see Matter of Adirondack Beverages Corp. [Bakery, Laundry, Beverage Drivers & Vending Mach. Servicemen & Allied Workers, Local Union No. 669 of Albany, N.Y. & Vic.], 108 AD3d at 833). "Outside of these narrowly circumscribed exceptions, courts lack authority to review arbitral decisions, even where 'an arbitrator has made an error of law or fact'" (Matter of Kowaleski [New York State Dept.

---

[1] The parties stipulated that the papers filed in proceeding No. 2 would be treated as though they had been filed in proceeding No. 1. Supreme Court "so ordered" that stipulation and addressed the District's application to vacate or stay the arbitration award within the context of proceeding No. 1.

of Correctional Servs.], 16 NY3d 85, 91 [2010], quoting Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d at 534).

The bulk of the arguments presented by the District, even if meritorious, involve errors of law or fact that we have no authority to reach. The District does extend one argument that would warrant vacatur if substantiated, namely, that the arbitrator did not resolve the issue of whether the faithless servant doctrine applied. This Court has already held that "[t]he issue of the effect, if any, of Peters' alleged misconduct on her entitlement to benefits goes to the merits of her grievance" (Matter of Peters v Union-Endicott Cent. School Dist., 77 AD3d at 1240), and other case law confirms that the issue was arbitrable (see Western Elec. Co. v Brenner, 41 NY2d 291, 294 [1977]; Bravo Knits v De Young, 35 AD2d 932, 932-933 [1970]). The parties further stipulated that the arbitrator should resolve the issue and, under these circumstances, a refusal to resolve the issue by the arbitrator would be "in excess of an explicit limitation on his power" (Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d at 91).

While this argument is proper, it fails on the merits. The arbitrator reviewed the relevant case law, noted that the CBA was silent on the issue of whether the faithless servant doctrine restricted an employee's right to contractual benefits, and determined that to apply the doctrine would impermissibly "add to or alter the terms of" the CBA (see e.g. Matter of Bolin v Nassau County Bd. of Coop. Educ. Servs., 52 AD3d 704, 706-707 [2008]). The arbitrator then held, in no uncertain terms, that he was "declin[ing] to apply" the doctrine. The arbitrator's dictum that the District's arguments were "better suited for a lawsuit than a grievance arbitration proceeding," while perhaps better left unsaid, did not undermine his thoroughly explained holding that the faithless servant doctrine did not impact Peters' right to receive retiree health insurance benefits under the CBA. Thus, we perceive no reason to vacate the arbitration award.

Turning to the motion by the District and the Board for leave to amend their complaint, the legal issue as to whether the faithless servant doctrine applied was placed squarely before the arbitrator, and the parties to the arbitration had a full and

fair opportunity to litigate it.  Notwithstanding the fact that the arbitrator held the doctrine to be inapplicable, the proposed amended complaint in action No. 1 seeks to raise precisely the same issue.  Contrary to the arguments advanced by the District and the Board, the faithless servant doctrine flows from the contractual relationship between employer and employee (see Western Elec Co. v Brenner, 41 NY2d at 295; Restatement [Second] of Agency § 387).  Accordingly, if the CBA does not permit the doctrine to be used, there is no separate ground for its application (see Matter of Bolin v Nassau County Bd. of Coop. Educ. Servs., 52 AD3d at 707).  Thus, the District and the Board are barred by collateral estoppel from advancing an issue that was actually decided by the arbitrator (see Clemens v Apple, 65 NY2d 746, 748-749 [1985]; Matter of Crowley v Board of Educ. of Yonkers Pub. Schools, 128 AD2d 871, 871 [1987]; compare Matter of Rourke v New York State Dept. of Correctional Servs., 201 AD2d 179, 182 [1994]), and Supreme Court did not abuse its discretion in denying leave to amend the complaint in action No. 1 (see Cafferty v Cahill, 53 AD3d 1007, 1008 [2008], appeal dismissed and lv dismissed and denied 11 NY3d 861 [2008]).

We have reviewed the District's remaining arguments and, to the extent they are not rendered academic in light of the foregoing, found them to be lacking in merit.  We do note, however, that Supreme Court was obliged to confirm the arbitration award "upon the denial of a motion to vacate or modify" (CPLR 7511 [e]).  Inasmuch as Supreme Court did not explicitly confirm the award, we modify the order to do so (see Matter of Klein v GEICO Gen. Ins. Co., 109 AD3d 825, 826 [2013]).

Lahtinen, J.P., McCarthy, Rose and Lynch, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by confirming the arbitration award dated July 23, 2012, and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court