Matter of Enigbonjaye v NYS Justice Ctr. for People with Special Needs (2024 NY Slip Op 00766)

Matter of Enigbonjaye v NYS Justice Ctr. for People with Special Needs

2024 NY Slip Op 00766

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-02975
 (Index No. 241/20)

[*1]In the Matter of Helen Enigbonjaye, petitioner,
v
NYS Justice Center for People with Special Needs, et al., respondents.

Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Linda Fang of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of Elizabeth M. Devane, Administrative Law Judge of the Administrative Hearings Unit of the State of New York Justice Center for the Protection of People with Special Needs, dated September 13, 2019. The determination adopted the findings of fact and conclusions of law of an administrative law judge dated September 5, 2019, made after a hearing, that the petitioner committed category two neglect as defined by Social Services Law § 493(4)(b) and denied the petitioner's request that the subject substantiated report of neglect dated December 11, 2017, be amended and sealed.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner was at all relevant times an employee of the Office for People with Developmental Disabilities (hereinafter OPWDD), and was assigned as a registered nurse at an individualized residential alternative facility certified by OPWDD to serve adults with developmental disabilities. In a report of substantiated finding dated December 11, 2017, the State of New York Justice Center for the Protection of People with Special Needs (hereinafter the Justice Center) advised the petitioner that an allegation that she engaged in conduct that constituted category two neglect had been substantiated. The allegation was that on May 23, 2017, at the subject facility, the petitioner, while a custodian, committed neglect when she failed to provide adequate medical care to a service recipient and/or did not follow the service recipient's seizure protocols.
The petitioner exercised her right to a hearing before an administrative law judge (hereinafter the ALJ) (see Social Services Law § 494). Prior to the hearing, the Justice Center moved to preclude relitigation of the facts decided against the petitioner during an arbitration hearing conducted pursuant to a collective bargaining agreement in effect between OPWDD and the petitioner's union, at which the petitioner was represented by union counsel and OPWDD was represented by the Justice Center. The petitioner opposed the motion. The ALJ granted the motion and precluded the petitioner "from relitigating the issues of whether she had a duty and breached her duty to provide adequate medical care to the Service Recipient and follow the Service Recipient's [*2]seizure protocols." The evidentiary scope of the administrative hearing was thus limited to whether the petitioner's breach of duty resulted in or was likely to result in physical injury or serious or protracted impairment of the physical, mental, or emotional condition of the service recipient (see id. § 488[1][h]) and, if substantiated, whether the category level was appropriate. After the hearing, the ALJ determined that the Justice Center proved, by a preponderance of the evidence, that the petitioner committed an act of category two neglect (see id. §§ 488(1)(h); 493[3][a][i]; [4][b]). In a determination dated September 13, 2019, the ALJ's recommended decision was adopted in its entirety and the petitioner's request to amend and seal the substantiated report was denied by Elizabeth M. Devane, Administrative Law Judge of the Administrative Hearings Unit, who was designated by the Executive Director of the Justice Center to make such decisions. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to review that determination. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
Social Services Law § 488(1)(h) defines neglect as "any action, inaction or lack of attention that breaches a custodian's duty and that results in or is likely to result in physical injury or serious or protracted impairment of the physical, mental or emotional condition of a service recipient." Category two neglect includes conduct "in which the custodian seriously endangers the health, safety or welfare of a service recipient" (id. § 493[4][b]).
At an administrative hearing to determine whether a report of category two neglect is substantiated, the Justice Center is required to establish, by a preponderance of the evidence, that the subject committed abuse or neglect (see Matter of Anonymous v Molik, 32 NY3d 30, 34). Upon review of such an administrative determination made after an evidentiary hearing, the determination of the Justice Center must be upheld if supported by substantial evidence (see CPLR 7803[4]; Matter of Williams v New York State Justice Ctr. for the Protection of People with Special Needs, 151 AD3d 1355, 1356-1357).
Contrary to the petitioner's contention, the ALJ properly granted the Justice Center's motion to preclude. "The doctrines of res judicata and collateral estoppel apply to arbitration awards with the same force and effect as they apply to judgments of a court" (Ippolito v TJC Dev., LLC, 83 AD3d 57, 72 [internal quotation marks omitted]; see Matter of American Ins. Co. [Messinger-Aetna Cas. & Sur. Co.], 43 NY2d 184, 189-190). The Justice Center met its burden of demonstrating that the identical issue was necessarily decided in the prior proceeding and is decisive of the present proceeding and, in opposition, the petitioner failed to demonstrate the absence of a full and fair opportunity to contest the prior determination (see Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth., 103 AD3d 648, 650). Accordingly, at the administrative hearing, the petitioner was precluded by the doctrine of collateral estoppel from relitigating the questions of fact that were resolved against her in the arbitration proceeding (see Matter of Anonymous v New York State Justice Ctr. for the Protection of People with Special Needs, 167 AD3d 113; Matter of Sharp v Kiley, 136 AD2d 644).
As is relevant, substantial evidence supported the determination that the petitioner's breach of conduct was "likely to result in physical injury or serious or protracted impairment of the physical, mental or emotional condition of a service recipient" (Social Services Law § 488[1][h]; see § 488[6]) and that such conduct seriously endangered the health, safety or welfare of the service recipient (see Social Services Law § 493[4][b]). A nurse administrator who was present at the subject facility on the date in question testified that the petitioner failed to follow the medication protocol by failing to administer antiseizure medication to the service recipient following her third seizure. The service recipient suffered a fourth seizure, during which she vomited profusely, prompting the staff to take measures to prevent her from aspirating and that, upon administration of the medication, the fourth seizure ceased within one minute.
Contrary to the petitioner's contention, under the facts of this case, no independent medical evidence or expert medical testimony was required (see Matter of Preece v New York State Justice Ctr. for the Protection of People with Special Needs, 176 AD3d 1365, 1369; Matter of Kelly v New York State Justice Ctr. for the Protection of People With Special Needs, 161 AD3d 1344, 1346; cf. Matter of Donnelly v State of NY Justice Ctr. for the Protection of People with Special [*3]Needs, 189 AD3d 1039, 1043).
The petitioner's remaining contention is not properly before this Court (cf. CPLR 7511).
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court