OPINION OF THE COURT
Frederick D. Dugan, J.
On April 10, 1979, the Yates County Sheriff advised the County Court that the County Legislature had directed him to no longer provide security services to the court. How was the Sheriff to compensate the attendants who saw to the orderly conduct of court proceedings involving parties, defendants, witnesses, attorneys, staff and the public?
Upon the return of the court’s order to show cause to the Sheriff on April 16, 1979, the County Attorney appeared with the Sheriff and advised the court that the County Legisla *179 ture’s action resulted from a disagreement between the Legislature and the Office of Court Administration concerning the terms of a written agreement for State reimbursement to the county for court security services.
On and after April 1, 1977, the State of New York assumed payment of the expenses of the unified court system, including those of the Yates County Court. All officers providing security services for the courts continued to be county employees. The county is mandated to continue to provide security services to the courts, to pay those expenses in the first instance and to be reimbursed by the State. (Judiciary Law, § 39.)
In September of 1978 the Sheriff signed a written agreement to provide court security services for the State fiscal year April 1, 1978 to March 31, 1979. This agreement provided that the State would reimburse the county for the expense of these services up to $4,000 for the year. The county’s court security expense for the period April 1, 1978 to February 28, 1979 was $3,002.10.
There was an exchange of correspondence and calls between the County Attorney and the director of administration, Fourth Judicial Department for the State Office of Court Administration during the ensuing months as shown by the director’s letters of October 18, 1978 and December 14, 1978. It appears that the subject of this exchange was the reimbursement limit of $4,000 and certain guidelines in the proposed agreement for court security services.
Whatever the resolution of the county’s questions, late in March of 1979, the County Legislature authorized its chairman to sign the agreement and on March 27, 1979 the executed copies were sent to the Office of Court Administration, probably the director of administration.
This agreement provides that the county will be reimbursed court security expense up to $4,000 and sets forth certain guidelines specifying the use of one or two attendants adding that if conditions require it, additional attendants may be assigned with prior approval of the director of administration.
The County Attorney states that the county was unwilling to place itself in the position of contracting to provide services if they exceeded $4,000 and is concerned that the number of attendants being provided to the court was regularly exceeding the guidelines in the contract.
Heretofore, the Sheriff has provided security for both the County Court and the terms of Supreme Court. Five men and *180 women attendants have been regularly provided for court proceedings, each paid $12 per day. These attendants are part-time employees of the Sheriff’s department who attend only upon the days when court proceedings, hearings, trials or Grand Jury proceedings are scheduled.
The Sheriff had made a continuing study of the security requirements and the personnel required to assure order at the court trials and hearings conducted in the Yates County Courthouse.
The traditional courtroom is located on the second floor of the historic 19th century courthouse. There are five entry doors to the large courtroom. There are four stairwells leading to the second-floor courtroom and a stairwell leading to the anteroom or chambers behind the bench.
The jury room is located on the first floor of the courthouse. The only rest rooms in the building are a men’s room and a women’s room with separate entrances partitioned in a single room so that there is one door leading into a small anteroom where the entrances to both rest rooms are located. These rest rooms serve jurors, defendants, parties, witnesses, attorneys, staff and the public.
The orderly and appropriate use of these rest rooms segregating jurors from defendants or parties or witnesses and from the general public and so on required monitoring by a male and female attendant during any recess during trials or hearings.
It is also necessary for the jurors to move from the second-floor courtroom to the first-floor jury room and rest rooms which requires a male and female escort while other attendants assure order in the public courtroom and monitor the jury room.
When incarcerated defendants are presented in court, one or two regular Deputy Sheriffs may be assigned to provide additional security. Multiple defendants, attendance of large numbers of the public or other extraordinary circumstances would be the basis for assigning additional attendants or security personnel.
In recent years three incidents involving defendants and a witness becoming ill, two requiring that an ambulance be called, have proven the ability of the attendants to maintain order and respond to emergency conditions.
It should be noted that the Sheriff’s careful analysis and *181 abiding interest have provided adequate and appropriate security for the conduct of the business of the courts in the County of Yates. This continued assurance for the order of the court and the safety of the persons, parties, defendants, witnesses, staff and the public compel the court’s responsible deliberation on this order to show cause.
Review of these special conditions in reference to the guidelines, the amount of annual security expense reimbursement to the county and the effect of current minimum wage standards on that compensation all ought to be the subject of further discussions between the Office of Court Administration, the County Attorney, the County Legislature and the Sheriff with a view to reaching a comprehensive agreement on security services.
However, upon this apparent lack of agreement it is untenable that no security services be provided to the courts.
For the time that these communications or negotiations must continue it is also necessary that the Sheriff continue to provide the security required by the persons and public involved in the County Court and Supreme Court proceedings. A Grand Jury of the County Court will be convened on April 23, 1979. A Trial Term of the Supreme Court will commence on April 30, 1979 with a Trial Term of the Yates County Court to follow on May 28, 1979. Various motions and hearings will be scheduled during this period and to follow.
Under the inherent powers doctrine, a court has all powers reasonably required to enable a court to perform efficiently its judicial functions, to protect its dignity, independence and integrity and to make its lawful actions effective. (Matter of People v Little, 89 Misc 2d 742, affd without opn 60 AD2d 797.) That inherent power contemplates the authority reasonably required to perform efficiently the court’s judicial function to carry out the statutory mandate of section 39 of the Judiciary Law.
The County Attorney moves to dismiss this proceeding on the basis that the County Court does not have jurisdiction for this proceeding and for the court to disqualify himself as a party to the proceeding (Judiciary Law, § 14).
The proceeding is authorized under subdivision 3 of section 2-b of the Judiciary Law and the County Court has jurisdiction under the inherent powers doctrine. The court is not a party within the meaning of section 14 of the Judiciary Law. This proceeding is within the scope of the court’s responsibil *182 ity to conduct the court business, here to assure that security services are provided, without incurring the expense and delay of proceedings in another forum and particularly compelling here, to do so with dispatch to assure the uninterrupted schedule of the County Court and the Supreme Court in Yates County. The motions to dismiss and for the court to disqualify itself are denied together with any other objection or motion not consonant with this decision or the order herein directed.
The County Court now orders that the Yates County Sheriff continue to provide security services for the proceedings in the County Court and the Supreme Court in Yates County with a suitable number of attendants and/or deputies, male and female, as the Sheriff shall determine are necessary to assure the security and preserve the orderliness of court proceedings for the parties, defendants, witnesses, attorneys, staff, other persons present and the public; said attendants and deputies to be paid a suitable compensation which shall not be less than current minimum wage standards. If the County of Yates shall fail to pay such compensation to such attendants or deputies, the Sheriff shall submit vouchers to the director of administration, Fourth Judicial Department, or such other administrative officer as he or this court shall designate on such vouchers or forms as said director or officer shall require for such payment with appropriate setoff, claim or reduction of said payments for security services as provided in section 39 of the Judiciary Law or as otherwise provided by the laws of the State of New York.