■ In the Matter of the Arbitration between DONALD J. TRUMP et al., Appellants, and CARMEL FIFTH, LLC, Respondent. [755 NYS2d 618] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered May 7, 2002, which denied petitioners' application to stay arbitration, unanimously affirmed, with costs.

The broad arbitration provision contained in the agreement between petitioner 767 Manager, LLC and respondent Carmel Fifth, LLC, which agreement includes a buy/sell provision, encompasses the subsequent buyout agreement executed by the contracting parties' principals, which makes specific reference to the buy/sell right. The parties' present dispute respecting the exercise of the buy/sell right is thus arbitrable inasmuch as it is a "dispute arising out of or relating to this Agreement or

the transactions and agreements contemplated thereunder," as provided in the arbitration clause of the agreement. The artificial distinction sought to be drawn between the individual petitioner and his wholly-owned limited liability company is not a bar to arbitration (*see Hirschfeld Prods. v Mirvish*, 218 AD2d 567, 569 [1995], *affd* 88 NY2d 1054 [1996]; *see also Roby v Corporation of Lloyd's*, 996 F2d 1353, 1360 [1993], *cert denied* 510 US 945 [1993]).

Supreme Court properly declined to consider the merits of petitioners' claim in deciding the stay application (*see Matter of Franklin Cent. School [Franklin Teachers Assn.]*, 51 NY2d 348, 355 [1980]). It is settled that "the court's inquiry is limited to whether or not the dispute is encompassed by the governing arbitration provision, while interpretation of the provisions of the contract is for the arbitrator" (*Rio Algom v Sammi Steel Co.*, 168 AD2d 250, 251 [1990], *lv denied* 78 NY2d 853 [1991]). We note that no claim is advanced that respondent either failed to give notice or to file the arbitration petition, as required by the agreement pursuant to which arbitration is sought. Concur—Nardelli, J.P., Tom, Andrias and Saxe, JJ.