In the Matter of the Arbitration between CITY OF ELMIRA, Appellant, and ELMIRA PROFESSIONAL FIREFIGHTERS' ASSOCIATION, AFL-CIO, I.A.F.F.-LOCAL 709, Respondent. [824 NYS2d 778]—

Mercure, J.P. Appeal from an order of the Supreme Court (O'Shea, J.), entered September 1, 2005 in Chemung County, which, inter alia, denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

---

Petitioner and respondent are parties to a collective bargaining agreement (hereinafter CBA). Pursuant to the procedures provided in the CBA, respondent sought binding arbitration following the denial of its grievance challenging petitioner's discontinuance of its allegedly long-standing practice of reimbursing Medicare Part B premiums paid by retired firefighters. Petitioner then commenced this CPLR article 75 proceeding to stay arbitration, and respondent cross-moved for an order compelling arbitration. Determining that the arbitration clause contained within the CBA was broad and that the present dispute went to "the interpretation and scope of the substantive provisions of the CBA," Supreme Court denied the petition and granted respondent's cross motion to compel arbitration. Petitioner appeals and we now affirm.

Petitioner asserts that the present dispute is not arbitrable because the grievance procedure set forth in the CBA is not available to retirees. The parties are in agreement that there is no statutory, constitutional or public policy bar to arbitration of the grievance at issue (*see Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278-279 [2002]; *Matter of City of Ithaca [Ithaca Paid Fire Fighters Assn., IAFF, Local 737]*, 29 AD3d 1129, 1130-1131 [2006]). Thus, the question of arbitrability turns on " 'whether the parties did agree by the terms of their particular arbitration clause to refer their differences in this specific area to arbitration' " (*Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 138 [1999], quoting *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d 509, 513 [1977]). Where a CBA contains a broad arbitration clause, our analysis in resolving whether the parties have so agreed is limited to "determin[ing] whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA" (*Matter of City of Johnstown [Johnstown Police Benevolent Assn.], supra* at 279, quoting *Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], supra* at 143).

Here, the grievance and arbitration provisions contained in the CBA are broad, stating that "[i]n the event of a dispute between the parties to this [CBA], either party shall have the right to resolve the dispute according to the provisions of the [g]rievance procedure." A grievance is defined, in pertinent part, as "any claimed violation, misinterpretation or inequitable application of the [CBA]." While petitioner asserts that the grievance procedure is available to employees only, the CBA states that "[i]f the employee *or the Association* is dissatisfied

with the Third Stage decision, *either* may submit the grievance to single person arbitration" (emphasis added).

Given the breadth of this language, lack of any exception for grievances concerning retirement benefits, and the CBA's provisions expressly addressing health care coverage for retirees and payment of health care premiums for those retirees, we conclude that there is a reasonable relationship between the dispute and the subject matter of the CBA such that the dispute is arbitrable (*see Matter of City of Johnstown [Johnstown Police Benevolent Assn.], supra* at 279-280; *Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], supra* at 143; *Matter of City of Ithaca [Ithaca Paid Fire Fighters Assn., IAFF, Local 737, supra* at 1132; *cf. Matter of Odessa-Montour Cent. School Dist. [Odessa-Montour Teachers Assn.],* 271 AD2d 931, 932-933 [2000]). Indeed, we have recently determined that "[t]he fact that retirees are not members of respondent or represented by it in collective bargaining negotiations is not determinative in a threshold arbitrability analysis. Rather, issues such as respondent's relationship to retired employees [and] whether retirees are covered by the grievance procedure . . . are for the arbitrator" (*Matter of City of Ithaca [Ithaca Paid Fire Fighters Assn., IAFF, Local 737, supra* at 1132 [citations omitted]; *see City of Buffalo v A.F.S.C.M.E. Council 35, Local 264,* 107 AD2d 1049, 1050 [1985]). Accordingly, Supreme Court properly denied the petition to stay arbitration. Petitioner's remaining contentions have been reviewed and found to be lacking in merit.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.