■ In the Matter of the Arbitration between County of Broome et al., Respondents, and New York State Law Enforcement Officers Union, District Council 82, AFSCME, AFL-CIO, on Behalf of Local 2012 and Tim Mooney, Appellant. [915 NYS2d 708]—

Mercure, J.P. Appeal from an order of the Supreme Court (Sise, J.), entered November 2, 2009 in Broome County, which granted petitioners' application pursuant to CPLR 7503 to stay arbitration between the parties.

Respondent and petitioner County of Broome are parties to a collective bargaining agreement (hereinafter CBA). Tim Mooney is a correction officer with the Broome County Sheriff's Office. In January 2009, the Administrative Judge for the Sixth Judicial District sent a letter to petitioner Broome County Sheriff David Harder directing, on behalf of the Broome County Judges, that Harder "immediately and permanently remove Officer Timothy Mooney from all assignments at Broome County court facilities." Subsequently, the Administrative Judge informed Harder that "under no circumstances will the court allow Officer Mooney to reassume his previous role at or in any Broome [County] court facility." Harder complied with these directives, and reassigned Mooney from his duties—which included, among other things, guarding inmates in the holding cell at the courthouse and during court appearances.

Respondent then filed a grievance on Mooney's behalf, contending that the reassignment violated the CBA. After the grievance was denied, respondent demanded arbitration pursuant to the CBA, seeking Mooney's reinstatement to his previous courthouse assignment. In response, petitioners commenced this proceeding to stay arbitration. Supreme Court concluded that public policy prohibits arbitration of this matter, and granted the application to stay arbitration. Respondent appeals, and we now affirm.

"Under the two-prong inquiry governing arbitrability of disputes, courts must ascertain [first] whether the parties may arbitrate their dispute and, if so, whether they agreed to do so" (*Matter of New York State Correctional Officers & Police Benevolent Assn., Inc. [New York State Dept. of Civ. Serv.]*, 70 AD3d 240, 243 [2009]; *see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 78-79 [2003]). The subject matter of the dispute

controls the analysis under the first prong, and the court must determine "whether there is any statutory, constitutional or public policy prohibition against arbitration of the grievance" (*Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278 [2002]; *see Matter of City of New York v Uniformed Fire Officers Assn., Local 854, IAFF, AFL-CIO*, 95 NY2d 273, 280 [2000]; *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 327 [1999]). If such a prohibition is found, the claim may not be arbitrated, regardless of whether the parties agreed to do so (*see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d 513, 519 [2007]; *Matter of City of New York v Uniformed Fire Officers Assn., Local 854, IAFF, AFL-CIO*, 95 NY2d at 280-281). We are mindful that "judicial intervention on public policy grounds constitutes a narrow exception to the otherwise broad power of parties to agree to arbitrate all of the disputes arising out of their juridical relationships" (*Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d 1, 6-7 [2002]). Nevertheless, we conclude that public policy prohibits arbitration of respondent's grievance.

The public policy implicated here derives from the courts' inherent authority to maintain the integrity of the judicial process, manage their judicial functions, and guard their independence (*see Wehringer v Brannigan*, 232 AD2d 206, 207 [1996], *appeal dismissed* 89 NY2d 980 [1997]; *Matter of Spike*, 99 Misc 2d 178, 181-182 [1979]). That inherent authority is reflected in the responsibility of the administrative judges to ensure "the orderly administration of the courts within the area of their administrative responsibility" (22 NYCRR 80.2 [d]). The Administrative Judge was acting within his responsibility when he directed that Harder, an officer of the court (*see* County Law § 650), permanently reassign Mooney from duties that would require him to enter a Broome County courthouse. Respondent contests the assignment on the ground that it constituted a disciplinary action taken without resort to the bargained-for disciplinary procedure, and seeks Mooney's immediate reinstatement to his bid assignment of court holding officer. We agree with Supreme Court, however, that Mooney's reinstatement to his former court officer duties by an arbitrator would encroach upon the authority of judges to manage their courtrooms. While respondent argues that the inherent authority of judges to control their courtrooms does not implicate a public policy interest, such an encroachment upon the court's authority is, in our view, contrary to strong public policy and would

frustrate the orderly administration of justice (see *Matter of Crosson v New York State Supreme Ct. Officers Assn., ILA, Local 2013, AFL-CIO*, 157 Misc 2d 390, 394-395 [1993]).

We further reject respondent's contention that the application to stay arbitration is premature because the arbitrator could fashion relief that would not violate public policy (cf. *Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d at 11 n). There is no dispute that Mooney was reassigned to a position with the same schedule and pay rate that he had in his court holding officer position. Indeed, respondent does not allege on appeal that Mooney was aggrieved in any manner beyond his reassignment from his duties at the Broome County Courthouse. Rather, the only relief sought is Mooney's return to his position in the courthouse. Under these circumstances, the granting of any relief would violate public policy and, accordingly, Supreme Court properly stayed arbitration of this matter (see *Matter of City of New York v Uniformed Fire Officers Assn., Local 854, IAFF, AFL-CIO*, 95 NY2d at 284; *Matter of New York State Correctional Officers & Police Benevolent Assn., Inc. [New York State Dept. of Civ. Serv.]*, 70 AD3d 240, 245 [2009]). In light of our conclusion that arbitration is prohibited by public policy, we need not address whether the parties agreed in the CBA to arbitrate their dispute.

Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.