In the Matter of the Arbitration between UNION-ENDICOTT CENTRAL SCHOOL DISTRICT, Appellant and UNION-ENDICOTT MAINTENANCE WORKERS' ASSOCIATION, on Behalf of GEORGE KOLMEL, et al., Respondents. [926 NYS2d 184]—

Peters, J.P. Appeal from an order of the Supreme Court (Tait, J.), entered August 24, 2010 in Broome County, which, among other things, denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Petitioner and respondent Union-Endicott Maintenance Workers' Association (hereinafter the Union) are parties to a collective bargaining agreement (hereinafter CBA). Respondent George Kolmel was a member of the Union by virtue of his employment as a maintenance worker for petitioner. In May 2009, after nearly 35 years of service, Kolmel submitted a letter of resignation to petitioner with an effective date of September 30, 2009. Before his resignation became effective, petitioner learned of allegations that Kolmel had committed a sex offense against his stepgranddaughter, who was a student at the school. Thereafter, petitioner placed Kolmel on suspension, disregarded his resignation letter pursuant to 4 NYCRR 5.3 (b) and filed disciplinary charges against him pursuant to Civil Service Law § 75.

Following the hearing on the disciplinary charges, but before a decision was rendered, the Union filed a grievance on behalf of Kolmel alleging that petitioner violated the CBA by conditioning Kolmel's entitlement to retirement benefits upon the outcome of the disciplinary proceeding. Specifically, respondents alleged that, notwithstanding petitioner's decision to disregard Kolmel's letter of resignation and pursue disciplinary charges, Kolmel met the requirements to receive retirement health benefits under the CBA.* After a Hearing Officer sustained the charges against Kolmel and recommended his termination, petitioner's Board of Education passed a resolution terminating Kolmel and denied his grievance on the ground that, since he

---

* The qualifications for retirement health benefits under the CBA were (1) regular service retirement according to the rules of the State Employees' Retirement System, (2) at least 15 years of full-time service with petitioner, and (3) submission of a letter of resignation at least four months before the effective date of retirement. According to a letter from the New York State and Local Retirement System, petitioner was granted a retirement effective September 30, 2009 and began receiving retirement benefits as of that date.

was terminated from employment, he was not a "retiree" for purposes of retirement health benefits under the CBA. Respondents thereafter filed a demand for arbitration, after which petitioner commenced this proceeding to stay arbitration (*see* CPLR 7503). In response, respondents filed a cross application to compel arbitration. Supreme Court denied petitioner's application to stay arbitration and granted respondents' cross application to compel arbitration, finding that there was no public policy prohibiting arbitration of the issue of Kolmel's entitlement to postemployment health benefits and that the dispute was one which the parties had agreed to arbitrate under the CBA. Petitioner now appeals, and we affirm.

"The court's role in reviewing applications to stay arbitration is . . . a limited one" (*Matter of Enlarged City School Dist. of Troy [Troy Teachers Assn.]*, 69 NY2d 905, 906 [1987]; *accord Matter of Peters v Union-Endicott Cent. School Dist.*, 77 AD3d 1236, 1238 [2010]). Under the two-pronged test for determining whether a grievance is arbitrable, we must first determine "whether there is any statutory, constitutional or public policy prohibition against arbitration of the grievance" (*Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278 [2002]; *see Matter of County of Broome [New York State Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO]*, 80 AD3d 1047, 1048-1049 [2011]). "If no prohibition exists, we then ask whether the parties in fact agreed to arbitrate the particular dispute by examining their collective bargaining agreement" (*Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d 513, 519 [2007]; *see Matter of Schuyler County [Schuyler County Hwy. Unit, Local 849, Unit 8600, AFSCME, CSEA Local 1000]*, 80 AD3d 1140, 1141 [2011]).

The issue raised by the instant grievance is whether Kolmel is considered a retiree for purposes of entitlement to retirement health benefits under the CBA. Petitioner contends that public policy prohibits arbitration of the matter since determination of Kolmel's employment status is governed by 4 NYCRR 5.3 (b), which provides that "when charges of incompetency or misconduct have been or are about to be filed against an employee, the appointing authority may elect to disregard a resignation filed by such employee and to prosecute such charges and, in the event that such employee is found guilty of such charges and dismissed from the service, his [or her] termination shall be recorded as a dismissal rather than as a resignation." According to petitioner, to allow an arbitrator to determine whether Kolmel

retired or was dismissed for purposes of receiving retiree benefits under the CBA would violate the policy considerations embodied in 4 NYCRR 5.3 (b) in that it would defeat its authority to disregard petitioner's resignation and ignore Kolmel's status as a dismissed employee under the regulation. We disagree.

"[I]t is well settled that 'there is no prohibition against arbitrating a dispute originating from the terms of a collective bargaining agreement concerning health insurance benefits for retirees' " (*Matter of Peters v Union-Endicott Cent. School Dist.*, 77 AD3d at 1239, quoting *Matter of City of Ithaca [Ithaca Paid Fire Fighters Assn., IAFF, Local 737]*, 29 AD3d 1129, 1130 [2006]; *see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 138-139 [1999]). Here, petitioner has not identified any statute, precedent or public policy that prohibits arbitration of a dispute over the provision of contractual postemployment retirement benefits to an employee who has committed a crime or otherwise engaged in misconduct. Furthermore, although 4 NYCRR 5.3 (b) provides for an employee's termination under these circumstances to be recorded as a dismissal rather than a resignation, no law or policy requires an employee's status under 4 NYCRR 5.3 (b) to be determinative of that employee's status under the CBA. The issue of the effect, if any, of Kolmel's status as a dismissed employee pursuant to 4 NYCRR 5.3 (b)—as well as his alleged misconduct—as it pertains to his entitlement to benefits goes to the merits of the grievance, not to its arbitrability (*see Matter of Peters v Union-Endicott Cent. School Dist.*, 77 AD3d at 1240; *Matter of Board of Trustees of Cayuga County Community Coll. [Cayuga County Community Coll. Faculty Assn.]*, 299 AD2d 907, 908 [2002]; *see generally Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d at 279; *Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d at 142-143; *Matter of Enlarged City School Dist. of Troy [Troy Teachers Assn.]*, 69 NY2d at 906).

Petitioner also asserts that arbitration of Kolmel's status as a retiree for purposes of entitlement to postemployment health benefits would countervail the public policy of protecting children from sex offenders in the educational setting (*see Matter of Binghamton City School Dist. [Peacock]*, 33 AD3d 1074, 1076-1077 [2006], *appeal dismissed* 8 NY3d 840 [2007]), since it would permit him to conceal the fact that he was involuntarily dismissed for committing a sex offense. However, the issue to be arbitrated is not whether Kolmel was terminated for misconduct, but whether he qualifies for postemployment health insurance

benefits under the CBA. Arbitration of the instant grievance will have no effect upon his disciplinary termination by petitioner, which will continue to exist as a matter of public record. In short, petitioner has failed to demonstrate how the cited public policy is implicated by arbitration of the instant grievance, let alone that such policy considerations " 'prohibit, in an absolute sense,' " the particular matter to be decided (*Matter of Enlarged City School Dist. of Troy [Troy Teachers Assn.]*, 69 NY2d at 906, quoting *Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 631 [1979]; *accord Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d at 519).

Turning to the question of whether the parties agreed to arbitrate the present dispute, article 41 of the CBA broadly defines a grievance as "any dispute between the parties covered by the agreement concerning the meaning and application of the specific written provisions of this agreement" and provides for a four-stage grievance process culminating in arbitration. There is no language in the CBA excepting grievances concerning retirement benefits from arbitration. Furthermore, retiree health benefits—and the qualifications needed to be eligible for them—are expressly provided for in article 31 of the CBA. As such, a "reasonable relationship [exists] between the subject matter of the dispute and the general subject matter of the CBA" (*Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d at 143; *see Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d at 279-280; *Matter of Peters v Union-Endicott Cent. School Dist.*, 77 AD3d at 1240-1241; *Matter of City of Elmira [Elmira Professional Firefighters' Assn., AFL-CIO, I.A.F.F.-Local 709]*, 34 AD3d 1075, 1076-1077 [2006]), and the issue as to whether Kolmel met the qualifications set forth in the CBA for receipt of retiree health benefits is therefore arbitrable. "[T]he fact that the substantive clauses of the contract might not support the grievances . . . is irrelevant on the threshold question of arbitrability. It is for the arbitrator, and not the courts, to resolve any uncertainty concerning the substantive rights and obligations of the[ ] parties" (*Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers Assn.*, 50 NY2d 1011, 1012 [1980] [citations omitted]; *see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d at 143; *Matter of Vestal Cent. School Dist. [Vestal Teachers Assn.]*, 2 AD3d 1190, 1193 [2003], *lv denied* 2 NY3d 708 [2004]).

Finally, to the extent that petitioner argues that Kolmel has

no right to arbitration under the CBA as a dismissed employee, we note that the broad arbitration clause permitted the Union to demand arbitration if dissatisfied with the decision at Stage 3 of the grievance process. Moreover, issues such as a school district's relationship to retired or discharged employees and the question of whether such former employees are covered by the grievance procedure are for the arbitrator to decide (*see Matter of City of Elmira [Elmira Professional Firefighters' Assn., AFL-CIO, I.A.F.F.-Local 709]*, 34 AD3d at 1077; *Matter of City of Ithaca [Ithaca Paid Fire Fighters Assn., IAFF, Local 737]*, 29 AD3d at 1132). Petitioner's remaining contentions, to the extent not specifically addressed herein, have been reviewed and found to be without merit.

Rose, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.