■ In the Matter of the Arbitration between TOWN OF SAUGERTIES et al., Appellants, and TOWN OF SAUGERTIES POLICEMAN'S BENEVOLENT ASSOCIATION, Respondent. [937 NYS2d 686]—

Rose, J.

Courts determine arbitrability according to a two-prong test— whether the parties may arbitrate the dispute and, if so,

whether they in fact agreed to do so (*see e.g. Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d 513, 519 [2007]). Petitioners claim that arbitration fails under both prongs here because, they argue, resolution of the dispute requires the application or interpretation of the terms of a statute. They contend that public policy will not permit an arbitrator to apply or interpret a statute and, as to the second prong, that the parties did not agree to arbitrate the application or interpretation of the statute at issue here. Neither of petitioners' arguments has merit.

The CBA incorporates McKinney's Unconsolidated Laws of NY § 971 (as added by L 1911, ch 360, § 1, as amended) by reference, making the language of the statute a substantive provision of the CBA, and petitioners have not identified any public policy that would preclude the arbitrator from interpreting such language (*see e.g. Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278-279 [2002]). Petitioners' reliance on *Matter of Barnes (Council 82, AFSCME)* (235 AD2d 695 [1997]) is misplaced as that decision in no way suggests that public policy prohibits interpretation of the language of a statute that has been incorporated by reference into the terms and conditions of a CBA.

As for the second prong, the broad arbitration clause here provides that any unresolved disputes that have gone through the grievance process may be submitted to arbitration. Disputes are defined as "[a]ny grievance arising concerning the interpretation or application of the terms of this contract or the rights claimed thereunder and/or working conditions." Here, the dispute concerns overtime, which is clearly a working condition (*see Spring Valley PBA v Village of Spring Val.*, 80 AD2d 910, 910-911 [1981]). Moreover, it involves the application of the terms of the CBA. Thus, it is clearly one that the parties intended to arbitrate (*see Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d at 279-280; *Matter of City of Elmira [Elmira Professional Firefighters' Assn., AFL-CIO, I.A.F.F.-Local 709]*, 34 AD3d 1075, 1076 [2006]; *Matter of City of Plattsburgh [Plattsburgh Police Officers Union AFSCME Local 82]*, 250 AD2d 327, 329 [1998], *lv denied* 93 NY2d 807 [1999]). Accordingly, Supreme Court correctly granted respondent's cross motion to compel arbitration and dismissed the petition.

Peters, J.P., Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.