◼ In the Matter of the Arbitration between VILLAGE OF HORSEHEADS, Appellant, and HORSEHEADS POLICE BENEVOLENT ASSOCIATION, INC., Respondent. [941 NYS2d 785]—

Egan Jr., J. Appeal from an order of the Supreme Court (O'Shea, J.), entered August 10, 2011 in Chemung County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

At all times relevant to this proceeding, petitioner and respondent were parties to a collective bargaining agreement (hereinafter CBA), pursuant to the terms of which any unresolved grievance was subject to arbitration. Insofar as is relevant here, the CBA broadly defined a grievance as "any claimed violation, misinterpretation or inequitable application of existing laws, rules, procedures, regulations, application or enforcement of the terms of this agreement, administrative orders or work orders or rules of [petitioner]."

Beginning in 1999, petitioner's then Chief of Police issued a series of general orders setting forth various "rules and regulations" relative to departmental operating procedures and policies—including General Order A-13.1, which required that a minimum of two officers be assigned to patrol duty for each shift. In 2011, petitioner's new Chief of Police reissued General Order A-13.1, reducing the minimum staffing requirement to at least one patrol officer per shift, as well as General Order A-14, which provided that personnel requests for time off or training would be based upon, among other things, the revised staffing requirement.

Shortly thereafter, respondent filed a grievance contending that petitioner violated the CBA by reducing the minimum staffing levels for patrol officers. Petitioner denied the grievance, and respondent thereafter filed a demand for arbitration. Petitioner then commenced this proceeding to stay arbitration, arguing that there was no valid agreement between the parties to arbitrate changes or amendments to general orders. Supreme Court denied petitioner's application and this appeal ensued.[1]

We affirm. Our role in reviewing an application to stay arbitration is limited (*see Matter of Union-Endicott Cent. School Dist. [Union-Endicott Maintenance Workers' Assn.]*, 85 AD3d

---

1. Petitioner's subsequent request for a stay and/or injunctive relief was denied by this Court.

1432, 1433 [2011]; *Matter of Peters v Union-Endicott Cent. School Dist.*, 77 AD3d 1236, 1238 [2010]) and, in ascertaining whether a particular grievance is arbitrable, we must determine whether the parties lawfully may arbitrate the underlying dispute and, if so, whether they did in fact agree to do so (*see Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278 [2002]; *Matter of Town of Saugerties [Town of Saugerties Policeman's Benevolent Assn.]*, 91 AD3d 1264, 1264-1265 [2012]; *Matter of County of Broome [New York State Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO]*, 80 AD3d 1047, 1048 [2011]). As petitioner does not contend that there is a statutory, constitutional or public policy prohibition against arbitration in this instance (*see Matter of Board of Educ. of Schenectady City School Dist. [Schenectady Fedn. of Teachers]*, 61 AD3d 1175, 1176 [2009]; *Matter of City of Elmira [Elmira Professional Firefighters' Assn., AFL-CIO, I.A.F.F.-Local 709]*, 34 AD3d 1075, 1076 [2006]), the sole issue before us is whether—pursuant to the terms of the CBA—petitioner and respondent agreed to arbitrate the subject grievance.

Here, a review of the CBA reveals that the parties expressly agreed to arbitrate any unresolved grievance and, further, broadly defined a grievance to include "any claimed violation, misinterpretation or inequitable application of existing laws, rules, procedures, regulations, application or enforcement of the terms of this agreement, administrative orders or work orders or rules of [petitioner]." In this regard, petitioner does not dispute that General Orders A-13.1 and A-14 constitute rules and regulations within the meaning of the CBA, nor does it deny that a claimed violation thereof is subject to the established grievance procedure and—should that process fail—arbitration. Rather, petitioner contends that its Chief of Police did not "violate" the foregoing general orders; he merely "amended" or "changed" them—as was his prerogative pursuant to the terms of General Order A-1, which reserves to the Chief of Police "the right to amend or revoke any of the[ ] rules and regulations at any time." Thus, the argument continues, respondent may—consistent with the terms of the CBA—grieve the violation of a rule or regulation, but it cannot grieve an amendment or alteration thereto.[2]

Whether the asserted amendments constitute an actual violation of a rule or regulation "goes to the merits of the grievance

---

**2.** Alternatively, petitioner asserts that once General Orders A-13.1 and A-14 were "rescind[ed]" and "amend[ed]," they were effectively superseded and, hence, there can be no violation of a rule that no longer exists.

[itself], not to its arbitrability" (*Matter of Union-Endicott Cent. School Dist. [Union-Endicott Maintenance Workers' Assn.]*, 85 AD3d at 1434) and, hence, is a matter for the arbitrator to resolve. For purposes of our limited inquiry, it is sufficient that respondent has asserted a "claimed violation" of certain rules and regulations and that a "claimed violation" is, in turn, subject to the grievance procedure set forth in the CBA (*see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 143-144 [1999]). Accordingly, we agree that respondent's grievance is arbitrable.

Spain, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.