In the Matter of the Arbitration between BRUNSWICK CENTRAL SCHOOL DISTRICT, Respondent, and BRITTONKILL TEACHERS ASSOCIATION, Appellant. [981 NYS2d 184]—

Rose, J. Appeal from an order of the Supreme Court (Zwack, J.), entered December 24, 2012 in Rensselaer County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Petitioner and respondent are parties to a collective bargaining agreement (hereinafter CBA) containing a broad arbitration clause and a grievance procedure providing that any unresolved grievance is subject to arbitration. After a probationary social studies teacher received a series of negative evaluations, petitioner's administrators recommended that the teacher be denied tenure. Respondent then filed a grievance on the teacher's behalf challenging, among other things, whether petitioner had complied with the evaluation procedures provided for in the CBA. When petitioner denied the grievance and terminated the teacher's employment, respondent filed a demand for arbitration and petitioner then commenced this proceeding seeking a stay pursuant to CPLR 7503 (b). Supreme Court granted petitioner's request, concluding that the subject matter of the grievance was not arbitrable because it actually challenged the tenure decision—over which the parties agree that petitioner has sole discretion—and not the alleged failure to comply with the agreed-upon evaluation procedures.

The petition should have been denied. The court's role in determining applications to stay arbitration is limited and, as relevant here, requires a determination of whether the parties have agreed to arbitrate the dispute at issue (*see Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278 [2002]; *Matter of Board of Educ. of Watertown City*

*School Dist. [Watertown Educ. Assn.],* 93 NY2d 132, 140 [1999]). Inasmuch as respondent has asserted a violation of the evaluation procedures agreed to by the parties as part of the CBA, there is a rational relationship between the subject of the grievance and the CBA (*see Matter of Board of Educ. of Middle Is. Cent. School Dist. No. 12 [Middle Is. Teachers Assn.],* 50 NY2d 426, 429 [1980]; *Matter of Vestal Cent. School Dist. [Vestal Teachers Assn.],* 2 AD3d 1190, 1193 [2003], *lv denied* 2 NY3d 708 [2004]; *Board of Educ. of Chautauqua Cent. School Dist. v Chautauqua Cent. School Teachers Assn.,* 41 AD2d 47, 51 [1973]; *see also Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774, 778 [1976]). The question of whether petitioner violated these procedures "goes to the merits of the grievance, not to its arbitrability" (*Matter of Union-Endicott Cent. School Dist. [Union-Endicott Maintenance Workers' Assn.],* 85 AD3d 1432, 1434 [2011]; *see Matter of Peters v Union-Endicott Cent. School Dist.,* 77 AD3d 1236, 1240 [2010]). "[T]he fact that the substantive clauses of the contract might not support the grievances . . . is irrelevant on the threshold question of arbitrability. It is for the arbitrator, and not the courts, to resolve any uncertainty concerning the substantive rights and obligations of the[ ] parties' " (*Matter of Union-Endicott Cent. School Dist. [Union-Endicott Maintenance Workers' Assn.],* 85 AD3d at 1435, quoting *Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers Assn.,* 50 NY2d 1011, 1012 [1980]; *see Matter of Enlarged City School Dist. of Troy [Troy Teachers Assn.],* 69 NY2d 905, 906 [1987]).

Lahtinen, J.P., McCarthy and Garry, JJ., concur. Ordered that the order is reversed, on the law, with costs, and application denied.