■ In the Matter of BRG Sports, LLC, Formerly Known as Easton-Bell Sports, LLC, et al., Appellants, v Chris Zimmerman, Respondent. [7 NYS3d 114]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered June 27, 2014, which denied the petition pursuant to CPLR article 75 to stay an arbitration proceeding, unanimously affirmed, with costs.

The 2010 employment agreement, pursuant to which petitioner Easton-Bell Sports, Inc. retained respondent, provides a compensation package, including equity participation, and contains a broad arbitration provision requiring that "[a]ny dispute, controversy or claim arising out of or relating to this Agreement, or breach hereof, shall be settled by arbitration." Following his termination in 2013, respondent commenced an arbitration alleging, inter alia, that petitioners had improperly valued the units he received of Easton-Bell Sports, LLC, at zero, that he was entitled to receive payments under a cash incentive plan adopted by Easton-Bell Sports, Inc. in 2012, and that he was fraudulently induced to accede to changes in the equity plan.

Respondent satisfied his burden to demonstrate that the dispute at issue arises out of or relates to the employment agreement, for purposes of the broad arbitration clause contained therein (see State of New York v Philip Morris Inc., 30 AD3d 26, 31 [1st Dept 2006]). Petitioners argue that respondent released all claims arising under the employment agreement and that his claims arise only under the LLC agreement, which provides for venue in the New York courts, and under the Cash Incentive Plan, which does not contain an arbitration provision. However, they have not demonstrated that the express, unequivocal, and broadly worded arbitration provision in the employment agreement does not also apply to the claims at issue here, and any doubts as to whether the issue is arbitrable will be resolved in favor of arbitration (see Matter of Trump [Carmel Fifth], 303 AD2d 287, 287-288 [1st Dept 2003]; Philip Morris Inc., 30 AD3d at 31). The disputes concerning the efficacy and breadth of the release and the 2012 documents are for the arbitrator to resolve (see Matter of Schlaifer v Sedlow, 51 NY2d 181, 185 [1980]).

We have considered petitioners' remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Renwick and Andrias, JJ.