◼ In the Matter of the Arbitration between COUNTY OF GREENE, Respondent, and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, GREENE COUNTY UNIT 7000, GREENE COUNTY LOCAL 820, Appellant. [10 NYS3d 692]—

Egan Jr., J. Appeal from an order of the Supreme Court (El-

liott III, J.), entered January 21, 2014 in Greene County, which, among other things, granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

On March 25, 2010, the Green County Civil Service Commission (hereinafter the Commission) adopted a resolution revising, insofar as is relevant here, the rule governing the probationary term of new employees. Specifically, the Commission modified its prior rule, which imposed a probationary term ranging from 8 to 26 weeks, to provide for a probationary term ranging from 8 to 52 weeks. The Commission's resolution was approved by the state Civil Service Commission in February 2011.

In February 2012, petitioner (hereinafter the County) and respondent (hereinafter the Union) executed a collective bargaining agreement (hereinafter CBA). The CBA set forth the terms and conditions of employment as to those County employees who were represented by the Union and covered the period from January 1, 2010 to December 31, 2012. Insofar as is relevant here, article 15.1.1 of the CBA provided that "[a]n employee in the competitive, noncompetitive or labor classes shall be on probation for a period of twenty-six (26) weeks from the date of appointment."

In May 2013, the Union filed a grievance contending that the County had violated article 15.1.1 of the CBA by imposing upon its members a probationary period in excess of the 26 weeks embodied therein. The Greene County Administrator denied the grievance, concluding that the Civil Service Rules for Greene County controlled, in response to which the Union filed a demand for arbitration. The County thereafter commenced this proceeding pursuant to CPLR 7503 to stay arbitration, and the Union cross-moved to compel arbitration. Supreme Court granted the County's application and denied the Union's cross application, prompting this appeal.

"The threshold determination of whether a dispute is arbitrable is well settled. Proceeding with a two-part test, we first ask whether the parties may arbitrate the dispute by inquiring if there is any statutory, constitutional or public policy prohibition against arbitration of the grievance. If no prohibition exists, we then ask whether the parties in fact agreed to arbitrate the particular dispute by examining their collective bargaining agreement. If there is a prohibition, our inquiry ends and an arbitrator cannot act" (*Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d 513, 519 [2007] [internal quotation marks and citations omit-

ted]; *see Matter of Blackburne [Governor's Off. of Empl. Relations]*, 87 NY2d 660, 665 [1996]; *Matter of County of Rockland v Correction Officers Benevolent Assn. of Rockland County, Inc.*, 126 AD3d 694, 695 [2015]; *Matter of Board of Educ. of the Mineola Union Free Sch. Dist. v Mineola Teachers Assn.*, 104 AD3d 939, 939-940 [2013]; *Matter of Lansingburgh Teachers Assn. [Hardwick]*, 85 AD2d 849, 849 [1981], *lv denied* 56 NY2d 501 [1982]).

To be sure, "[w]hen a county civil service commission, possessing the requisite authority, promulgates a rule establishing the length of a probationary term of service, that rule has the effect of law" (*Matter of Higgins v La Paglia*, 281 AD2d 679, 679 [2001]), and the public employer and the union cannot negotiate a contrary provision in a CBA. Here, however, the CBA executed by the County and the Union long after the Commission modified the probationary term is not inconsistent with the new Commission rule, as the probationary term negotiated by the parties falls squarely within the range promulgated by the Commission. Therefore, we discern no statutory or public policy bar to arbitration of the grievance in the first instance (*compare Matter of County of Fulton [Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, CSEA Local 818, Fulton County Gen. Unit]*, 14 AD3d 771, 773 [2005]). Hence, we are satisfied that the parties may in fact arbitrate the underlying dispute. As to the second inquiry, i.e., whether the parties actually agreed to arbitrate this particular dispute, we note that the parties' CBA contains a broad arbitration clause, which encompasses "any claimed violation, misrepresentation or improper application" of the CBA. In light of such language, we similarly are persuaded that the Union's grievance falls within the scope of disputes that the parties agreed to submit to arbitration (*see generally Matter of Town of Saugerties [Town of Saugerties Policeman's Benevolent Assn.]*, 91 AD3d 1264, 1265 [2012]). Accordingly, Supreme Court's order is reversed, the County's application to stay arbitration is denied and the Union's cross application to compel arbitration is granted.

McCarthy, J.P., Devine and Clark, JJ., concur. Ordered that the order is reversed, on the law, without costs, petition to stay arbitration denied and cross application to compel arbitration granted.