Matter of Board of Educ. of The Hudson City Sch. Dist. (Civil Serv. Employees Assn., Local 1000, AFSCME, AFL-CIO, Columbia County, Local 811, Hudson City Sch. Dist. Aides Unit) (2019 NY Slip Op 05619)





Matter of Board of Educ. of The Hudson City Sch. Dist. (Civil Serv. Employees Assn., Local 1000, AFSCME, AFL-CIO, Columbia County, Local 811, Hudson City Sch. Dist. Aides Unit)


2019 NY Slip Op 05619


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

528149

[*1]In the Matter of the Arbitration between BOARD OF EDUCATION OF THE HUDSON CITY SCHOOL DISTRICT, Appellant, and CIVIL SERVICE EMPLOYEES ASSOCIATION, LOCAL 1000, AFSCME, AFL-CIO, COLUMBIA COUNTY, LOCAL 811, HUDSON CITY SCHOOL DISTRICT AIDES UNIT, et al., Respondents.

Calendar Date: June 4, 2019

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Thomas, Drohan, Waxman, Petigrow & Mayle, LLP, Hopewell Junction (Melissa N. Knapp of counsel), for appellant.
Daren J. Rylewicz, Civil Service Employees Association, Inc., Albany (Eric E. Wilke of counsel), for respondents.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order and judgment of the Supreme Court (Ceresia, J.), entered May 31, 2018 in Columbia County, which denied petitioner's application pursuant to the CPLR 7503 to permanently stay arbitration between the parties.
In June 2017, the collective bargaining agreement (hereinafter CBA) expired between the Hudson City School District (hereinafter the District) and respondent Civil Service Employees Association, Local 1000, AFSCME, AFL-CIO, Columbia County, Local 811, Hudson City School District Aides Unit (hereinafter the Union). About three months later, the District and the Union entered into a memorandum of agreement that extended the CBA through 2020, with modifications, including changes to prescription drug benefits. Thereafter, in accordance with the grievance procedure specified in the CBA, respondent Nicole Genito, president of the Union, and respondent Janet MacFarlane, a retired aide, filed a grievance with the District challenging the change to the prescription drug coverage as applied to retirees. The District denied the grievance, finding that it was untimely under the CBA, that the Union did not represent retirees and that there was nothing in the CBA prohibiting this change. The Union brought the grievance to petitioner, which similarly denied it. The Union then demanded arbitration, and petitioner commenced this proceeding pursuant to CPLR 7503, seeking to permanently stay arbitration. Supreme Court found that the matter was arbitrable and dismissed the petition. Petitioner appeals, and we affirm.
"The court's role in reviewing applications to stay arbitration is a limited one" (Matter of Cortland County [CSEA, Inc., Local 1000 AFSCME, AFL-CIO], 140 AD3d 1344, 1345 [2016] [internal quotation marks, ellipsis and citations omitted]; see Matter of Brunswick Cent. Sch. Dist. [Brittonkill Teachers Assn.], 114 AD3d 1076, 1076 [2014]). The central inquiry is whether the dispute is arbitrable, which requires a showing that (1) it is lawful to arbitrate the dispute and (2) the parties have agreed to arbitrate such a dispute (see Matter of City of Johnstown [Johnstown Police Benevolent Assn.], 99 NY2d 273, 278 [2002]; Matter of Village of Horseheads [Horseheads Police Benevolent Assn., Inc.], 94 AD3d 1191, 1191-1192 [2012], lv denied 19 NY3d 899 [2012]). Here, the parties are only challenging the second prong; as such, this Court must "examine the [CBA] to ascertain whether the parties have agreed to arbitrate the particular dispute at issue" (Matter of Cortland County [CSEA, Inc., Local 1000 AFSCME, AFL-CIO], 140 AD3d at 1345; see Matter of Johnstown [Johnstown Police Benevolent Assn.], 99 NY2d at 278). Where the CBA contains a broad arbitration clause, an agreement to arbitrate will be found by the court as long as "'there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA'" (Matter of City of Elmira [Elmira Professional Firefighters' Assn., AFL-CIO, I.A.F.F.-Local 709], 34 AD3d 1075, 1076 [2006], quoting Matter of Johnstown [Johnstown Police Benevolent Assn.], 99 NY2d at 279). Further, specific contentions related to the scope of the CBA or interpretation of its substantive provisions are to be determined by the arbitrator (see Matter of Brunswick Cent. Sch. Dist. [Brittonkill Teachers Assn.], 114 AD3d at 1077; Matter of Union-Endicott Cent. School Dist. [Union-Endicott Maintenance Workers' Assn.], 85 AD3d 1432, 1435 [2011]).
A review of the CBA reveals that the grievance procedure is intended to "establish a more harmonious and cooperative relationship between the non-instructional staff and [petitioner]" and mandates that, in this context, the CBA provisions "shall be liberally construed for the accomplishment of this purpose." The CBA broadly defines a grievance as "any claimed violation, misinterpretation, or inequitable application of [the CBA] or of any laws, rules, procedures, regulations, administrative order or work rules of the [individual designated by management to review and resolve grievances], or those matters affecting employees' health or safety, physical facilities, materials or equipment furnished to the employees or supervision of employees, or any other matter(s), in which the employee feels he [or she] has been dealt with unfairly." The CBA further permits arbitration as the final step in presenting a grievance. Pursuant to the arbitration terms of the CBA, an "aggrieved party may appeal an unsatisfactory decision [by petitioner] to an arbitrator," and the decision of the arbitrator "shall be final and binding." As relevant to the Union's grievance, article XIV of the CBA contains a provision that retirees shall be offered prescription drug benefits.
"Given the breadth of this language, lack of any exception for grievances concerning retirement benefits, and the CBA's provisions expressly addressing [prescription drug] coverage for retirees . . ., we conclude that there is a reasonable relationship between the dispute and the subject matter of the CBA such that the dispute it arbitrable" (Matter of City of Elmire [Elmira Professional Firefighters' Assn., AFL-CIO, I.A.F.F.-Local 709], 34 AD3d at 1077 [citations omitted]; see Matter of City of Johnstown [Johnstown Police Benevolent Assn.], 99 NY2d at 279-280). To the extent that petitioner contends that use of the terms "staff" and "employee" should be read to narrow the arbitration clause and specifically exempt retirees from having the right to bring a grievance, such specific contention is not relevant to the threshold analysis of arbitrability; rather, it goes to the scope and substance of the CBA and, as such, may be determined by an arbitrator (see Matter of Cortland County [CSEA, Inc., Local 1000 AFSCME, AFL-CIO], 140 AD3d at 1346; Matter of Brunswick Cent. Sch. Dist. [Brittonkill Teachers Assn.], 114 AD3d at 1077). The remaining arguments are without merit.
Garry, P.J., Egan Jr., Aarons and Rumsey, JJ., concur.
ORDERED that the order and judgment is affirmed, with costs.